DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on an application for delayed reopening filed by appellant, Christopher M. Marshall, from his conviction on three counts of attempted rape and five counts of rape in the Huron County Court of Common Pleas. For the reasons that follow, we deny appellant's application.
 {¶ 2} Appellant was convicted by a Huron County jury of three counts of attempted rape and five counts of rape. The victim, who testified against appellant at trial, was appellant's seven year-old stepdaughter. The trial court found appellant to be indigent and appointed attorney Michael B. Jackson to represent him on appeal.
 {¶ 3} After filing a timely notice of appeal, attorney Jackson filed a request to withdraw pursuant to Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. In support, Jackson stated that, after reviewing the trial court's record, he was unable to find any appealable issues. Jackson did, however, submit three proposed assignments of error relating to suppression of a taped interview where appellant apparently confessed, the trial court's decision to allow the seven year-old victim to testify at trial, and the fact that appellant, who is African-American, was convicted by an all-Caucasian jury. No proposed issues were raised as to appellant's sentence.
 {¶ 4} On September 12, 2003, this court filed a decision and judgment entry in which, after conducting a thorough, independent review of the record, we found no grounds for a meritorious appeal existed based on Jackson's proposed assignments of error. No additional errors were discovered by this court. Accordingly, appellant's appeal was found to be wholly frivolous, and the trial court's judgment was affirmed. Jackson's motion to withdraw as appellate counsel was granted. See State v. Marshall, 6th Dist. No. H-02-029, 2003-Ohio-4861, at ¶ 10.
 {¶ 5} Appellant filed his application for delayed reopening on March 14, 2006. The state of Ohio has not opposed the motion.
 {¶ 6} Pursuant to App.R. 26(B)(1), an application to reopen an appeal "shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Pursuant to App.R. 26(B)(5), such application "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." See, also, State v. Murnahan (1992),63 Ohio St.3d 60, paragraph three of the syllabus.
 {¶ 7} As set forth above, appellant did not file his application to reopen this appeal for more than two years after our original decision and judgment entry was issued. Appellant attempts to explain the two and one-half year delay by stating he spent considerable time trying to obtain substitute counsel after discovering his court-appointed appellate attorney had a "conflict of interest." Specifically, appellant claims his arrest warrant was signed by the same attorney who was appointed to represent him on appeal. In support, appellant refers to attached portions of the trial court's record, including copies of the arrest warrant, signed by "Acting Judge Michael B. Jackson"; a letter appointing attorney "Michael B. Jackson" to represent appellant on appeal; a letter from appellant to the Ohio Public Defender's office asking for a change of appellate attorneys; a letter from the Public Defender's Office telling appellant to direct his concerns to his court-appointed attorney; and a letter from this court, dated October 16, 2003, telling appellant that the trial court's judgment was affirmed on September 12, 2003.
 {¶ 8} Attorney Jackson's dual capacity as acting judge on appellant's criminal case and as appointed appellate attorney in the same case appears, at first glance, to present a conflict of interest. However, as set forth above, in deciding this appeal, we thoroughly considered the proposed assignments of error set forth in appellant's Anders brief and independently reviewed the record in a search for additional meritorious issues. None were found.
 {¶ 9} After due consideration of those portions of the record supplied by appellant and a review of our September 12, 2003 decision and judgment entry, we conclude that this court properly followed the procedure for considering an Anders brief. There is no indication that the outcome of appellant's appeal was affected by the fact that his court-appointed attorney, functioning as an acting judge, signed appellant's arrest warrant. We further note that appellant clearly knew Jackson signed his arrest warrant before his case was decided by this court, yet appellant inexplicably waited over two years after our decision and judgment entry was issued to attempt to reopen the appeal. Accordingly, appellant's attempt to establish good cause for filing an untimely request for reopening based on a perceived conflict of interest is not well-taken.
 {¶ 10} We note that at this point that failure to establish a "showing of good cause" for the untimely filing of an application for reopening, without more, has been found to be sufficient grounds for denying the application. See State v. Hines, 8th Dist. No. 84218, 2006-Ohio-1096, at ¶ 3; State v. Gumm,103 Ohio St.3d 162, 2004-Ohio-4755. However, in this case, we elect to also address the substantive issues raised in appellant's application.
 {¶ 11} In his application for delayed reopening, appellant sets forth the following two proposed assignments of error that were not raised on direct appeal:
 {¶ 12} "Proposed Assignment of Error Number One
 {¶ 13} "Appellant's sixth amendment right to trial by jury was violated where the trial court sentenced him to consecutive terms of incarceration without either a jury finding the necessary facts to enhance the sentence or a valid waiver of the right to have the jury make the requisite fact findings.
 {¶ 14} "Proposed Assignment of Error Number Two
 {¶ 15} "Appellant's right to trial by jury was violated where the trial court sentenced him to non-minimum terms of incarceration as a first-time offender without either a jury finding of the necessary facts to extend the sentence beyond the statutory minimum which is the maximum in the absence of such finding, or a valid waiver of the right to have a jury make the requisite fact findings."
 {¶ 16} Essentially, appellant asserts that attorney Jackson's failure to raise the foregoing issues on direct appeal constitutes ineffective assistance of counsel. In support, appellant argues that the above-referenced sentence was unconstitutional because it was based on facts that were not considered by the jury. The legal authority on which appellant relies is Blakely v. Washington (2004), 124 S.Ct. 2531, in which the United States Supreme Court, citing its earlier decision in Apprendi v. New Jersey (2000), 530 U.S. 466, held that state criminal sentencing provisions are unconstitutional to the extent they allow the trial court to impose enhanced or consecutive penalties based on findings that are not admitted to by the defendant or considered by a jury. Appellant's argument is flawed, for the following reasons.
 {¶ 17} First, as set forth above, appellant's appeal was decided by this court on September 12, 2003, and Blakely was not decided until 2004. In an attempt to cure this problem, appellant argues that Blakely should be applied "retroactively." However, in State v. Foster, 2006-Ohio-856, the Ohio Supreme Court held that, while the holdings in bothBlakely and Apprendi are applicable to Ohio's criminal sentencing provisions, they are limited only to those cases pending on direct review. Id. at ¶ 104-106. See also, State v.Padilla-Montano, 6th Dist. No. L-05-1099, 2006-Ohio-115, at ¶ 14.
 {¶ 18} Second, in order to establish ineffective assistance of counsel, an accused must show two things: (1) trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution; and (2) his defense was unduly prejudiced by counsel's deficient performance. State v. Porter,
6th Dist. No. L-04-1278, 2006-Ohio-589, at ¶ 32, citingStrickland v. Washington (1984), 466 U.S. 668, 687. In this case, appellant's reliance on the retroactive application ofBlakely completely vitiates his argument for ineffective assistance of appellate counsel, since his appointed appellate counsel could not possibly have anticipated the result inBlakely more than a year before it was released.
 {¶ 19} On consideration, appellant's application for delayed reopening of his appeal is not well-taken and is denied.
APPLICATION DENIED.
Handwork, J., Skow, J., Parish, J., concur.