OPINION
{¶ 1} Defendant-appellant, Roger D. Back ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief.
 {¶ 2} On September 2, 2004, the Franklin County Grand Jury indicted appellant on two counts of aggravated murder, both with death penalty specifications, and one count of aggravated robbery. On May 27, 2005, pursuant to a plea agreement, appellant pled guilty to one count of involuntary manslaughter and one count of aggravated robbery. Appellant and plaintiff-appellee, State of Ohio, together agreed, as part of the plea agreement, to jointly recommend a sentence of ten years as to each count, to be served consecutively, for an aggregate sentence of 20 years' imprisonment. By judgment entry journalized on May 31, 2005, the trial court imposed the recommended 20-year sentence. Appellant did not pursue a direct appeal from his conviction and sentence.
 {¶ 3} On October 13, 2005, appellant filed with the trial court a timely petition for post-conviction relief pursuant to R.C. 2953.21. Therein, he argued that the trial court's imposition of non-minimum and consecutive sentences was unlawful under Ohio's sentencing scheme. By decision and entry journalized on October 27, 2005, the trial court denied the petition without a hearing, noting that Ohio's sentencing statutes were inapplicable because the parties had jointly recommended appellant's sentence as part of a negotiated plea agreement.
 {¶ 4} On appeal, appellant advances four assignments of error as follows:
1. The trial court erred when it sentenced the defendant under an unconstitutional system.
2. Trial court erred when it sentenced defendant, a first-time offender, to more than the minimum sentence based on facts found by a judge not a jury, nor admitted by defendant.
3. The trial court erred by allowing the imposition of consecutive sentences based on facts not found by a jury, nor admitted to by the defendant violating his rights guaranteed by the Sixth Amendment.
4. Trial court erred when it ruled that defendant had waived his constitutional rights when he signed his agreement to plead guilty.
 {¶ 5} A post-conviction proceeding is a collateral civil attack on a criminal judgment, not an appeal of the judgment.State v. Steffen (1994), 70 Ohio St.3d 399, 410, 639 N.E.2d 67. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. Statev. Murphy (Dec. 26, 2000), 10th Dist. No. 00AP-233, discretionary appeal not allowed (2001), 92 Ohio St.3d 1441,751 N.E.2d 481. Post-conviction review is not a constitutional right; rather, it is a narrow remedy that affords a petitioner no rights beyond those granted by statute. State v. Calhoun (1999),86 Ohio St.3d 279, 281, 714 N.E.2d 905. A post-conviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v. Hessler, 10th
Dist. No. 01AP-1011, ¶ 32; Murphy, supra.
 {¶ 6} A defendant seeking to challenge a conviction or sentence through a petition for post-conviction relief under R.C.2953.21 is not automatically entitled to a hearing. Calhoun,
supra, at 282; State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819. In reviewing whether the trial court errs in denying a petitioner's motion for post-conviction relief without a hearing, the appellate court applies an abuse of discretion standard. State v. Campbell, 10th Dist. No. 03AP-147,2003-Ohio-6305, ¶ 14, citing Calhoun, at 284.
 {¶ 7} The doctrine of res judicata is applicable in all post-conviction relief proceedings. State v. Szefcyk (1996),77 Ohio St.3d 93, 95, 671 N.E.2d 233. Under the doctrine of res judicata, a final judgment bars a convicted defendant from "raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry (1967),10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.
 {¶ 8} Appellant's first three assignments of error all challenge his sentence on the grounds that they violate his right to a trial by jury, as guaranteed by the Sixth Amendment to the United States Constitution. All three assignments of error likewise share the same deficiency; each one raises an issue that could have been raised on a direct appeal from appellant's conviction. As noted earlier, appellant did not take a direct appeal from his conviction. As such, the issues raised in his first three assignments of error cannot be raised in a post-conviction petition. Szefcyk; Perry, supra. See, also,State v. Spires (Nov. 6, 1997), 10th Dist. No. 97APA03-407. For this reason, appellant's first, second and third assignments of error are overruled.
 {¶ 9} In his fourth assignment of error, appellant argues that the trial court erred when, in denying his post-conviction relief petition, it found that when appellant entered his guilty plea he voluntarily waived his right to a trial by jury. However, it is well-established that when a defendant pleads guilty, he admits all the material facts in the indictment and waives his right to a trial by jury. State v. Ballard (1981),66 Ohio St.2d 473, 477, 20 O.O.3d 397, 423 N.E.2d 115. For this reason, appellant's fourth assignment of error has no merit and is overruled.
 {¶ 10} Having overruled all of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Petree and McGrath, JJ., concur.