OPINION
{¶ 1} Appellant, Bon Jovi Winbush ("appellant") has appealed a decision by the Franklin County Court of Common Pleas denying his application for post-conviction relief. For the following reasons, we affirm the trial court's decision.
 {¶ 2} The relevant facts are as follows. In case No. 06AP-417 (Franklin County Common Pleas No. 03CR-8461), appellant pled guilty to two counts of kidnapping and one count of aggravated robbery, all first-degree felonies. In case No. 06AP-418 (Franklin County Common Pleas No. 04CR-2356), appellant pled guilty to two counts of kidnapping and one count of aggravated robbery, all first-degree felonies. In case No. 06AP-419 (Franklin County Common Pleas No. 04CR-4805), appellant pled guilty to one count of robbery, a second-degree felony, two counts of kidnapping and two counts of aggravated robbery, all first-degree felonies. The pleas were entered into as the result of negotiations between appellant's counsel and the prosecuting attorney.
 {¶ 3} The trial court held a sentencing hearing for the three cases and, upon joint recommendation of counsel, sentenced appellant to seven years on each of the eleven counts, with all of the sentences to be served concurrently, for a total prison term of seven years. On November 1, 2005, appellant filed a motion seeking leave to file a delayed appeal, which was denied by this court in a memorandum decision rendered December 6, 2005. On November 2, 2005, appellant filed a petition with the trial court seeking post-conviction relief. That petition was denied, and appellant then filed this appeal.
 {¶ 4} Appellant alleges two assignments of error:
I. THE TRIAL COURT ERRORED (sic) IN IMPOSING A TERM GREATER THAN THE MINIMUM SENTENCE FOR A PERSON WITH NO HISTORY OF IMPRISONMENT BASED ON FACTS NOT FOUND BY A JURY OR WAIVED BY THE PETITIONER, IN VIOLATION OF THE 6TH AMENDMENT OF THE U.S. CONSTITUTION
II. TRIAL COUNSEL LARRY THOMAS PREJUDICED THE PETITIONER WHEN HE FAILED TO OBJECT OR ENLIGHTEN THE COURT THAT IT WAS PROHIBITED FROM SENTENCING THE PETITIONER TO MORE THAN THE MINIMUM SENTENCE IN LIGHT OF BLAKELY V. WASHINGTON, IN VIOLATION OF THESIXTH AMENDMENT OF THE U.S. CONSTITUTION.
 {¶ 5} Appellant's assignments of error are interrelated, and will be treated together. Appellant's arguments are based onBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, in which the United States Supreme Court held that imposition of a non-minimum sentence based on facts found by the court rather than a jury is a violation of the Sixth Amendment to the United States Constitution. The Supreme Court of Ohio has applied Blakely to Ohio's statutory sentencing provisions and found that portions of Ohio's statutory criminal sentencing provisions, including those relating to imposition of non-minimum sentences, are unconstitutional. State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
 {¶ 6} We have previously held that Blakely does not apply to cases in which a jointly recommended sentence was imposed.State v. Graham, Franklin App. No. 05AP-588, 2006-Ohio-914, discretionary appeal not allowed, 109 Ohio St.3d 1508,2006-Ohio-2998. Therefore, appellant's claim that Blakely
should have applied to his sentence is without merit.
 {¶ 7} In his second assignment of error, appellant argues that his attorney's failure to raise Blakely at sentencing constituted ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, appellant must show that his counsel's performance fell below an objective standard of reasonableness, and that he suffered prejudice as a result. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 {¶ 8} Since Blakely did not apply to appellant's sentence, failure to raise the decision during sentencing could not have constituted ineffective assistance of counsel. Furthermore, it would defy logic to expect an attorney to carry out and conclude plea negotiations that included as one term a joint recommendation regarding sentencing, but then raise constitutional questions challenging the court's ability to impose the agreed upon sentence. Therefore, we overrule appellant's first and second assignments of error.
 {¶ 9} Having overruled both of appellant's assignments of error, we affirm the decision of the Franklin County Court of Common Pleas denying appellant's petitions for post-conviction relief.
Judgment affirmed.
French and McGrath, JJ., concur.