OPINION
 {¶ 1} This is an appeal by defendant-appellant, John J. Jones, from a judgment of the Franklin County Court of Common Pleas, denying appellant's petitions to vacate his sentences in two separate cases.
 {¶ 2} On January 11, 2002, appellant was indicted on one count of aggravated robbery and two counts of robbery in common pleas case No. 02CR-0144; each count carried both one-year and three-year firearm specifications. On March 13, 2002, appellant was indicted on one count of aggravated murder and one count of aggravated robbery in common pleas case No. 02CR-1343; both counts included a three-year firearm specification.
 {¶ 3} On March 12, 2003, as part of a joint sentencing recommendation, appellant entered a guilty plea to one count of aggravated robbery (without specification) in case No. 02CR-0144. Also on that date, in case No. 02CR-1343, appellant entered guilty pleas to voluntary manslaughter (under the aggravated murder count), with a three-year firearm specification, and aggravated robbery, with a three-year firearm specification.
 {¶ 4} By judgment entries filed March 17, 2003, the trial court sentenced appellant according to the jointly recommended sentences.[1]
Specifically, appellant was sentenced to seven years incarceration on the aggravated robbery count in case No. 02CR-0144; further, in case No. 02CR-1343, he was sentenced to ten years incarceration on Count 1 (plus three years for the specification) and seven years incarceration as to Count 2 (plus three years for the specification), with the court merging the three-year firearm specifications. The court ordered that the sentences in case No. 02CR-1343 be served concurrent to the sentence in case No. 02CR-0144 (for a total sentence of 20 years).
 {¶ 5} On February 13, 2006, appellant filed identical petitions for post-conviction relief in case Nos. 02CR-0144 and 02CR-1343, citing the United States Supreme Court's decision in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, and also raising claims of ineffective assistance of counsel. The state subsequently filed memorandums contra in both cases. By entries filed March 20, 2006, the trial court overruled appellant's petitions for post-conviction relief.
 {¶ 6} On appeal, appellant sets forth the following three assignments of error for review:
 ASSIGNMENT OF ERROR 1.
 THE TRIAL COURT ERRED IN VIOLATION OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW IN DETERMINING THAT THE PETITION FOR POSTCONVICTION RELIEF COULD BE ENTERTAINED UNDER R.C. SECTIONS 2953.21 2953.23(A)(1)(a)(b).
 ASSIGNMENT OF ERROR 2.
 APPELLANT'S SENTENCE IS VOID UNDER THE AUTHORITY OF State v. Foster, (2006), 109 Ohio St. 3d 1, 845 N.E. 2d 740; Apprendi v. N.J., (2000), 120 S.Ct. 2338 and Blakely v. Washington, (2004), 124 S.Ct. 2531 WHERE THE TRIAL COURT MADE JUDICIAL FACTFINDING THAT DEPRIVED APPELLANT OF HIS RIGHT UNDER O.R.C. 2929.14(B) TO RECEIVE THE MINIMUM SENTENCE OF SIX (6) YEARS.
 ASSIGNMENT OF ERROR 3. THE INEFFECTIVE ASSISTANCE OF COUNSEL IS MANIFEST WHERE COUNSEL FAILED [TO] RECOGNIZE, ARGUE OR BRIEF THE APPRENDI-BLAKELY VIOLATION.
 {¶ 7} We will address appellant's assignments of error jointly. Under his first and second assignments of error, appellant contends that the trial court erred in failing to entertain the petitions, pursuant to R.C. 2953.21, and in failing to find his sentences to be void under the authority of the Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, and under the United States Supreme Court's decisions in Blakely, supra, and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348.
 {¶ 8} It is well-settled that "[t]he post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment." State v. Campbell, Franklin App. No. 03AP-147,2003-Ohio-6305, at ¶ 13. Pursuant to R.C. 2953.21(A)(2), a petitioner must file a petition for post-conviction relief no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of a judgment of conviction or, if no direct appeal is taken, no later than 180 days after the expiration of the time for filing an appeal.
 {¶ 9} In the instant case, appellant's petitions were filed more than 180 days after the expiration of the time for filing an appeal. Pursuant to R.C. 2953.23(A)(1), a court may not entertain an untimely petition unless the following two conditions are met:
 (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 10} As noted, appellant contends he is entitled to relief under the provisions of R.C. 2953.23(A)(1)(a) based upon the United States Supreme Court's decision in Blakely, supra. We disagree. This court has previously held that "Blakely does not recognize a new federal or state right that applies retroactively." State v. Graham, Franklin App. No. 05AP-588, 2006-Ohio-914, at ¶ 10, citing State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998. This court has similarly held that the Ohio Supreme Court, in Foster, supra, "applied its holding only to cases pending on direct review." State v. Williams, Franklin App. No. 05AP-339, 2006-Ohio-2197, at ¶ 28. See, also, State v. Harris, Sandusky App. No. S-05-014, 2006-Ohio-1395, at ¶ 16 ("the federal cases, as well as Foster, the recent decision by the Ohio Supreme Court holding that certain statutes in Ohio's sentencing scheme violate the Sixth Amendment to the United States Constitution, are not applicable to a petition for postconviction relief").
 {¶ 11} Additionally, this court has also held that "Blakely does not apply to a jointly recommended sentence." Graham, supra, at ¶ 11. In the instant case, as noted by the state, appellant's 20-year aggregate sentence was the result of a joint sentencing recommendation. Thus, " 'given the joint sentencing recommendation, no findings were statutorily required to impose the * * * sentence. * * * As there is no statutory requirement that findings be made, Apprendi * * * and Blakely are inapplicable[.]' " Id., quoting State v. Brown, Franklin App. No. 05AP-375, 2006-Ohio-385. See, also, State v. Winbush, Franklin App. No. 06AP-417, 2006-Ohio-6150, at ¶ 6 ("Blakely does not apply to cases in which a jointly recommended sentence was imposed").
 {¶ 12} Accordingly, the trial court did not err in finding appellant's petitions to be untimely, and that none of the statutory exceptions were applicable.
 {¶ 13} Appellant's third assignment of error, in which he contends his counsel was ineffective in failing to argue Blakely before the trial court, is also without merit. In order to prevail on a claim of ineffective assistance of counsel, an accused must show that: "(1) trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution; and (2) his defense was unduly prejudiced by counsel's deficient performance." State v. Marshall, Huron App. No. H-02-029, 2006-Ohio-2117, at ¶ 18.
 {¶ 14} Here, because Blakely did not apply to appellant's sentence, counsel's "failure to raise the decision during sentencing could not have constituted ineffective assistance of counsel." Winbush, supra, at ¶ 8. We further note that Blakely was decided more than one year after appellant was sentenced, and courts have recognized, in similar instances, that "[a]n attorney's failure to predict Blakely does not constitute the ineffective assistance of counsel." Banks v. Wolfe
(S.D.Ohio May 30, 2006), No. 2:05-CV-00697, unreported. See, also,Marshall, supra, at ¶ 18 (finding no ineffective assistance of counsel as "counsel could not possibly have anticipated the result inBlakely more than a year before it was released"); State v. Savage, Lake App. No. 2005-L-119, 2006-Ohio-3418, at ¶ 20.
 {¶ 15} Based upon the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
KLATT, P.J., and PETREE, J., concur.
[1] The entry of guilty plea in case No. 02CR-1343 states in relevant part: "I understand that the prosecution and defense jointly recommended to the Court sentence(s) of * * * Ct. 1 10 years + 3 years mandatory consecutive to 7 years + 3 years for the gun spec, but spec's merger for a total of 20 years (17 years + 3 yr. spec) concurrent to 02CR-144." The entry of guilty plea in case No. 02CR-0144 states in part: "I understand that the prosecution and defense jointly recommended to the court sentence(s) of * * * 7 years ODRC concurrent with 02CR-1343."