OPINION
{¶ 1} Defendant-appellant, Dearl D. Wyche, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief. For the following reasons, we affirm that judgment.
 {¶ 2} On September 23, 2005, a Franklin County Grand Jury indicted appellant for one count of aggravated murder in violation of R.C.2903.01 with a firearm specification pursuant to R.C. 2941.145. The charge arose as a result of the shooting death of Clayton Dunn. Appellant entered a not guilty plea to the charge and proceeded *Page 2 
to a trial. Appellant, however, changed his plea during trial and entered a guilty plea to one count of voluntary manslaughter in violation of R.C. 2903.03. The trial court dismissed the firearm specification. On February 7, 2006, the trial court accepted appellant's guilty plea, found him guilty, and sentenced him to a ten-year prison term. That sentence was jointly recommended by the State and appellant's counsel. Appellant did not appeal his conviction.
 {¶ 3} On August 30, 2006, appellant filed in the trial court a petition for post-conviction relief pursuant to R.C. 2953.21. Appellant argued that he was entitled to a new sentencing hearing under State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, Blakely v. Washington (2004),524 U.S. 296, 124 S.Ct. 2531, and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. The trial court denied appellant's petition without a hearing.
 {¶ 4} Appellant appeals and assigns the following errors:
 [1]. THE TRIAL COURT ERRED WHEN SENTENCING THE DEFENDANT TO THE MAXIMUM PRISON TERM BASED ON THE FINDINGS OF FACT THAT WAS NOT ADMITTED BY THE DEFENDANT.
 [2]. THE TRIAL COURT ERRED WHEN DENYING DEFENDANT A SENTENCING HEARING PURSUANT TO FOSTER.
 {¶ 5} The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment. State v.Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001), 92 Ohio St.3d 1441. Post-conviction review is not a constitutional right but, rather, is a narrow remedy which affords a petitioner no rights *Page 3 
beyond those granted by statute. State v. Calhoun (1999),86 Ohio St.3d 279, 281. A post-conviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction.State v. Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32;Murphy, supra. Nor does it entitle a petitioner to discovery to help establish grounds for relief. State v. Gulertekin (June 8, 2000), Franklin App. No. 99AP-900.
 {¶ 6} The trial court properly denied appellant's petition. Appellant based his petition for a new sentencing on the United States Supreme Court's decisions in Apprendi and Blakely and the Supreme Court of Ohio's decision applying Blakely to Ohio's sentencing scheme inFoster. We note, however, that his sentence was lawfully imposed pursuant to a joint recommendation. This court has previously held thatBlakely does not apply to a jointly recommended sentence. State v.Graham, Franklin App. No. 05AP-588, 2006-Ohio-914, at ¶ 11; State v.Winbush, Franklin App. No. 06AP-417, 2006-Ohio-6150, at ¶ 6; see, also,State v. Baker, Wood App. No. WD-05-033, 2006-Ohio-3611, at ¶ 7. BecauseFoster is premised on Blakely, that holding also does not apply to a jointly recommended sentence. State v. Billups, Franklin App. No. 06AP-853, 2007-Ohio-1298, at ¶ 9; see, also, State v. Hall, Cuyahoga App. No. 87059, 2007-Ohio-414, at ¶ 12-15. Thus, Blakely andFoster are not applicable to appellant's case.
 {¶ 7} Moreover, the applicability of Blakely and Foster has been limited to cases pending on direct appeal or that are not yet final.State v. Foti, Lake App. No. 2006-L-138, 2007-Ohio-887, at ¶ 20;State v. Cates, Fairfield App. No. 2005-CA-0097, 2006-Ohio-2836, at ¶ 32. These cases do not apply to collateral attacks on a conviction, such as a petition for post-conviction relief. State v. Mills, Belmont App. No. 06 BE 14, 2006-Ohio-7077, at ¶ 25; State v. Myers, Franklin App. No. 05AP-228, 2005-Ohio-5998, at ¶ 37; State *Page 4 v. Jones, Franklin App. No. 06AP-354, 2006-Ohio-6654, at ¶ 10. Thus,Blakely and Foster do not provide aid to appellant's cause.
 {¶ 8} Even if Blakely and Foster were applicable to the present case, the doctrine of res judicata would defeat appellant's petition for post-conviction relief. State v. Back, Franklin App. No. 05AP-1261,2006-Ohio-4622, at ¶ 7. Under that doctrine, a final judgment bars a convicted defendant from raising and litigating in any proceeding other than an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. Id., citing State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 9} Appellant's petition and his assignments of error in this appeal claim that his sentence, based on facts not admitted by him or proven to a jury, violated his constitutional right to a jury trial. TheseBlakely objections could have been raised at his sentencing and in an appeal from his conviction. Appellant did not raise the issues at his sentencing nor did he appeal his conviction. Therefore, these issues are barred by res judicata. Back at ¶ 8; State v. Bivens, Franklin App. No. 05AP-1270, 2006-Ohio-4340, at ¶ 7; State v. Sewell, Montgomery App. No. 21444, 2007-Ohio-30, at ¶ 10.
 {¶ 10} For these reasons, the trial court properly denied appellant's petition for post-conviction relief. Appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 BRYANT and FRENCH, JJ., concur. *Page 1