OPINION
{¶ 1} Appellant, David A. Speakman ("appellant"), filed these consolidated appeals seeking reversal of judgments by the Franklin County Court of Common Pleas sentencing him to 12 years of incarceration and awarding him no jail time credit towards the sentence. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} Appellant was indicted in three separate cases. In case No. 07CR03-2146, appellant was charged with two counts of burglary in violation of R.C. 2911.12, each a second-degree felony; and one count of possessing criminal tools in violation of R.C. 2923.24, a fifth-degree felony. In case No. 07CR07-4928, appellant was charged with one count of burglary in violation of R.C. 2911.12, a first-degree felony. In case No. 07CR07-5211, appellant was charged with two counts of burglary in violation of R.C. 2911.12, each a second-degree felony; and two counts of theft in violation of R.C. 2913.02, each a fifth-degree felony. At the time, appellant was serving a term of community control as part of a sentence imposed in case No. 05CR-8518, and a motion seeking a finding that appellant violated the terms of his community control was filed.
 {¶ 3} On September 18, 2007, appellant entered into a plea agreement with the state. Under the agreement, appellant entered pleas of guilty to two counts of third-degree felony burglary in case No. 07CR03-2146, one count of third-degree felony burglary in case No. 07CR07-4928, and two counts of third-degree felony burglary in case No. 07CR07-5211. The parties recommended concurrent four-year sentences on each of the counts in case No. 07CR03-2146, a four-year sentence in case No. 07CR07-4928, and concurrent four-year sentences on each of the counts in case No. 07CR07-5211, with the sentences on the three cases to be served consecutively to each other, for a total recommended sentence of 12 years of incarceration.
 {¶ 4} The trial court held a hearing in which it accepted appellant's guilty plea and imposed the sentence recommended by the parties. At the hearing, the assistant prosecuting attorney stated: *Page 3 
 MR. EDWARDS: Your Honor, I'm going to summarize, and then I'll go into detail. What we're trying to accomplish with this plea is a plea where Mr. Speakman enters a plea to five counts of F3 burglary for a total of a 12-year sentence, Your Honor, and a time-served situation on the revocation case.
(Tr. 2.)
 {¶ 5} When the issue of jail time credit was raised, the following discussion occurred:
 MR. EDWARDS: Your Honor, on each of the cases that was pled to today, the figure is zero. On 05CR-8518, it's 182 days. So the revocation case has all the jail-time credit.
 MS. REIBEL: And, Your Honor, we would also ask for time served on that case and ask it be closed out.
 THE COURT: Okay. I'll terminate the probation on the 8518 for time served.
(Tr. 12.)
 {¶ 6} Appellant filed this appeal, alleging two assignments of error:
 FIRST ASSIGNMENT OF ERROR The trial court erred in imposing a sentence in violation of Blakely v. Washington (2004), 124 S.Ct. 2531.
 SECOND ASSIGNMENT OF ERROR The trial court erred in failing to give Appellant jail time credit against the 12-year sentence in violation of R.C. 2967.191 and the Equal Protection Clauses of the state and federal Constitutions.
 {¶ 7} In his first assignment of error, appellant argues that the trial court was prohibited from imposing non-minimum, consecutive sentences based on factual findings made by the sentencing court.Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531; Apprendi v.New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348. The Supreme *Page 4 
Court of Ohio has applied Blakely and Apprendi to Ohio's sentencing statutes, and severed those provisions that required a sentencing court to make factual findings to support imposition of non-minimum, consecutive sentences. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. As a result, a trial court may impose any sentence within the statutory range for an offense, as well as consecutive sentences for multiple offenses, without making any findings. Id. at ¶ 99.
 {¶ 8} Appellant argues that the Foster court's severance remedy was inappropriate in that it exceeded the limits of permissible severance; disregarded the General Assembly's intent when it enacted the provisions requiring that non-minimum, consecutive sentences only be given to defendants under specific factual circumstances; and failed to provide a remedy consistent with the standards set forth in Blakely. However, it is not necessary for us to address these arguments, because the court's imposition of non-minimum, consecutive sentences in this case was done as part of a joint sentencing recommendation. We have previously held that Blakely and Foster do not apply to lawful sentences that were jointly recommended by the parties. State v. Wyche, 10th Dist. No. 06AP-1047, 2007-Ohio-2784, at ¶ 6.
 {¶ 9} Therefore, appellant's first assignment of error is overruled.
 {¶ 10} In his second assignment of error, appellant argues that the trial court improperly failed to apply jail time credit against the 12-year sentence imposed, applying the credit only to the sentence for the community control violation. Appellant argues that jail time credit had to be given against the sentences imposed in the three cases for which appellant was sentenced, because he was being held on those charges as well as the community control violation. *Page 5 
 {¶ 11} Appellant relies on the decision by the Supreme Court of Ohio in State v. Fugate, 117 Ohio St.3d 261, 2008-Ohio-856. Fugate involved a defendant who, like appellant, was being held on a probation violation as well as on new charges. Id. at ¶ 3. After he was found guilty by a jury of the new charges, the court held a hearing at which the court found that Fugate had violated the terms of his community control, sentenced him to a prison term of 12 months for that violation, and gave him jail time credit against that sentence. Id. The court then sentenced appellant on the new charges, ordering the sentence to be served concurrently to the sentence for the community control violation, but did not give any jail time credit against the sentence on the new charges.[1] Id. at ¶ 5.
 {¶ 12} The Supreme Court of Ohio found plain error in the trial court's grant of jail time credit against only one of the sentences it ordered to be served concurrently, finding that allowing such a practice would have the effect of nullifying any jail time credit. Id. at ¶ 12. However, the court made it clear that this rationale does not apply to situations in which the defendant is given consecutive sentences, and the sentencing court may grant jail time credit against only one sentence in such cases. Id. at ¶ 20.
 {¶ 13} Appellant argues that in this case, the sentence imposed for his community control violation effectively operates as a sentence concurrent to the sentence imposed for the three new charges, and thus the trial court was required under Fugate to grant jail time credit against the 12-year sentence imposed on those three charges. However, the trial court made it clear that the sentence imposed for appellant's community control *Page 6 
violation was not a sentence ordered to be served concurrently with the 12-year sentence. Rather, the court sentenced appellant to an amount of time equal to the amount of jail time credit he had, which resulted in appellant having already served his sentence for the community control violation by the time of the sentencing hearing. Thus, Fugate does not apply to this factual situation.
 {¶ 14} Moreover, the record of the sentencing hearing indicates that the trial court's application of the jail time credit only to the sentence for the community control violation was the product of the negotiated plea agreement entered into by the parties. In summarizing the plea agreement, the prosecuting attorney stated that the intention was to recommend a 12-year sentence be imposed on the three new charges, and a sentence of time served be imposed on the community control violation. After the assistant prosecuting attorney stated that all jail time credit was to be applied to the community control violation sentence, appellant's counsel asked that the community control be terminated for time served, and the trial court assented to that request. Thus, appellant cannot claim plain error in the trial court's adoption of the plea agreement entered into by the parties.
 {¶ 15} Accordingly, appellant's second assignment of error is overruled.
 {¶ 16} Having overruled both of appellant's assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.
Judgments affirmed.
BRYANT and KLATT, JJ., concur.
[1] Initially, the court mistakenly sentenced Fugate on only one of the charges for which he had been convicted. At a new sentencing hearing, the court sentenced Fugate on the second charge, ordered that sentence to be served concurrently with the other sentences imposed, and gave jail time credit against all of the sentences for the period of time between the two sentencing hearings. *Page 1