**[Cite as *State v. Smith*, 2024-Ohio-2370.]**

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. Andrew J. King, P.J. |
| Plaintiff-Appellee | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. John W. Wise, J. |
| -vs- | : | | |
| | : | | |
| DARRELL SMITH | : | | Case Nos. 23-CA-007 |
| | : | | 23-CA-008 |
| | : | | 23-CA-009 |
| | : | | |
| Defendant-Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case Nos. 22CR081,
                                  22CR008 & 22CR045


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 June 20, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT K. HENDRIX                         DAVID M. HUNTER
164 East Jackson Street                   244 West Main Street

Millersburg, OH  44654                                Loudonville, OH  44842
*King, P.J.*

{¶ 1}   Defendant-Appellant Darrel Smith appeals three judgment entries of the Holmes County Court of Common Pleas, each issued on August 31, 2023. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   This matter involves three separate cases. The underlying facts of each matter are not necessary for our resolution of this appeal.

{¶ 3}   In case number 2022CA008, the Holmes County Grand Jury returned an indictment on February 8, 2022, charging Smith with one count of failure to comply with the order or signal of a police officer, a felony of the third degree. Smith was arrested and jailed on this offense on February 10, 2022. He remained in jail until he posted bond on June 8, 2022.

{¶ 4}   In case number 22CR45, on July 29, 2022, the Holmes County Grand Jury returned an indictment charging Smith with one count of kidnapping, a felony of the first degree, and three counts of felonious assault, felonies of the second degree.

{¶ 5}    In case number 22CR081, on September 13, 2022, the Holmes County Grand Jury returned an indictment charging Smith with failure to appear, a felony of the fourth degree.

{¶ 6}   On December 13, 2022, Smith was arrested on all three cases and remained in jail while they were pending.

{¶ 7}   On July 29, 2023, Smith entered pleas of guilty to each charge with the exception of kidnapping which the state dismissed pursuant to plea negotiations.

{¶ 8}   Smith appeared for sentencing on August 31, 2022.

{¶ 9} In case 22CA008, failure to comply, Smith was sentenced to 180 local incarceration. He had been held in jail on that case for 403 days and was given credit for that time in that case. The judgment entry in this matter indicates that since Smith's jail-time credit in that case exceeded his sentence, he had already served his sentence.

{¶ 10} In case number 22CR045, felonious assault, Smith was sentenced to an indefinite term of incarceration of 6 to 9 years. He was sentenced to 6 months for domestic violence and ordered to serve the sentences concurrently.

{¶ 11} In case number 22CR081, failure to appear, Smith was sentenced to 6 months incarceration and ordered to serve this sentence concurrently with the sentences in case number 22CR045.

{¶ 12} In cases 22CR045 and 22CR081, Smith had accrued 261 days of jail-time credit and was given 261 days credit for those cases.

{¶ 13} During sentencing, counsel for Smith argued that because Smith was ordered to serve the sentences in case numbers 22CR045 and 22CR081 concurrently, the 403 days he served in case number 22CA008 should be applied towards his sentences for cases 22CR045 and 22CR081. This request included the time Smith spent in jail before cases 22CR045 and 22CR081 existed. The trial court disagreed.

{¶ 14} Smith filed an appeal and the matter is now before this court for consideration. Smith raises one assignment of error as follows:

I

{¶ 15} "WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO PROPERLY CALCULATE JAIL-TIME CREDIT IN VIOLATION OF BOTH DOUBLE JEOPARDY PROTECTIONS AND EQUAL PROTECTION OF THE LAW."

{¶ 16} In his sole assignment of error, Smith argues that because he was sentenced on all three cases at the same time and ordered to serve his sentences concurrently, he should be credited 403 days jail-time credit rather than 261 days. We disagree.

{¶ 17} Because this assignment of error involves the interpretation of a statute, which is a question of law, we review the trial court's decision de novo. *Hurt v. Liberty Township, Delaware County, Ohio*, 2017-Ohio-7820, ¶ 31 (5th Dist.)

{¶ 18} R.C. 2967.191(A) addresses jail-time credit and provides:

The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i)1 of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the

prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶ 19} In support of his argument, Smith cites *State v. Fugate*, 2008-Ohio-856. In that matter, defendant *Fugate* was charged and convicted of theft and burglary while he was on community control for a prior conviction. Before sentencing Fugate on the new charges, the trial court revoked his community control and imposed a 12-month sentence for the community control violation. It applied 213 days of jail-time credit against that sentence. The trial court ordered Fugate to serve the sentence in the community control violation concurrent with the sentences for the burglary and theft offenses, but Fugate received no jail-time credit for the burglary sentence and only 50 days jail-time credit for the theft sentence. Fugate appealed, arguing "he should have received jail-time credit of 213 days toward each of his concurrent prison sentences." *Fugate* at ¶ 6. The 10th District Court of Appeals affirmed the trial court, and the Supreme Court "accepted the appeal to determine how to apply jail-time credit to concurrent prison terms." *Id.*

{¶ 20} The Court went on to hold "when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit . . . if courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges." *Id.* The Court continued, "so long as an offender is held on a charge while

awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit." *Id.*

{¶ 21} This matter is distinguishable from *Fugate*. In this matter, at the time of sentencing, Smith had already served his sentence for failure to comply. Further, the trial court did not order Smith to serve the sentence for failure to comply in case 22CR008 concurrently with the sentences in 22CR0045 and 22CR0081. The judgment entry for case number 22CR008 indicates in relevant part:

> The Court imposes. . .
>
> A one hundred eighty (180) days [sic] term of incarceration at the Holmes County Jail. Given Defendant's jail time credit on this case already exceeds 180 days the Court's position is that Defendant has already served his sentence in this case.
>
> . . .
>
> The Court orders the Defendant be granted four hundred three (403) days of jail time credit on case [sic] up to and including the date of sentencing and excluding conveyance time. Counsel for Defendant argues that Defendant's jail time credit in this case should count towards his sentence in Case Nos. 22CR045 and 22CR081. The Court finds that Defendant cannot receive credit toward those sentences for time spent in jail before those cases were indicted.

{¶ 22} This case is more factually similar to *State v. Speakman*, 2009-Ohio-1184 (10th Dist.), appeal not allowed 2009-Ohio-3131. In that matter defendant Speakman was indicted on various felony charges in three separate cases. At the time of the indictments, the Speakman was on community control. Following the indictments, a motion was filed seeking a finding that Speakman had violated his community control. *Id.* ¶¶ 2-5.

{¶ 23} Following plea negotiations with the state, Speakman entered pleas of guilty to several felony charges in each case as well as to violating his community control. He was sentenced to an aggregate 12 years incarceration for the felony charges. On his revocation charge, however, he was sentenced to time served and the trial court made it clear that the sentence was not to be served concurrently with any of the felony sentences in the other three cases. On appeal, Speakman argued his jail time credit for his community control revocation should have applied to his 12-year sentence on the felony sentences. However, given the foregoing facts, the 10th District found *Fugate* inapplicable. *Id.* ¶¶ 13-14.

{¶ 24} So too here. Unlike the defendant in *Fugate*, Smith received jail time credit for the cases he was sent to prison for. Like the defendant in *Speakman*, he was not sent to prison for the case he argues he should receive credit for. Rather, his sentence in that matter was deemed served at sentencing. Further, Smith cites no authority that would lead us to a conclusion that he is entitled to transfer credit for his time served on case 22CR008 to case numbers 22CR0045 and 22CR081 before the latter two cases were ever indicted. Accordingly, we find *Fugate* inapplicable to the facts of this case and overrule Smith's sole assignment of error.

{¶ 25} The judgment of the Holmes County Court of Common Pleas is affirmed.

By King, P.J.,

Wise, J. and

Baldwin, J. concur.