{¶ 1} Defendant Robert J. Reed asks this court to grant leave to file a delayed appeal under App.R. 5(A). For the following reasons, this motion is denied, and the notice of appeal filed in this case is hereby dismissed.
 {¶ 2} On February 6, 2002, Reed pled guilty to engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1)(B), a second degree felony. The indictment alleged theft, forgery, and receiving stolen property with regards to stolen credit cards and checks of multiple victims. A sentencing hearing was held on March 22, 2002, and the court filed its sentencing entry on April 12, 2002, wherein Reed was sentenced to six years in prison. Appellant failed to file timely notice of appeal. More than one year late, on May 30, 2003, appellant filed notice of appeal and a motion for leave to file delayed appeal from the sentencing entry.
 {¶ 3} Pursuant to App.R. 5(A), a delayed appeal may only be taken by leave of the appellate court. This rule also states that the motion for leave to appeal shall set forth the reasons for the failure to perfect an appeal of right. As such, the decision whether to grant or refuse leave to file a delayed appeal is within the sound discretion of this court. We must determine whether the potential appellant stated arguably valid reasons for the delay. See State v. Jackson (Sept. 25, 1995), 7th Dist. No. 95CO04. While the new App.R. 5, effective July 1994, no longer requires a showing of probable errors, the amendment did not relieve the defendant from demonstrating a reasonable explanation for failing to timely file his appeal. This analysis is similar to our examination of good cause for granting a delayed reopening under App.R. 26(B), where we often evaluate the degree of untimeliness to ascertain the sufficiency of the reason for the delay. See State v. Thompson (Mar. 25, 2003), 7th Dist. No. 97JE40, citing State v. King (Oct. 1, 2002, J.E.), 7th Dist. No. 00JE15.
 {¶ 4} Here, Reed's memorandum in support claims that he was unable to perfect a timely appeal because he was taking lithium at the time of his plea and thereafter, his high dosage impaired his awareness, and this impaired state of awareness was not heightened until recently when his dosage was reduced. Reed concludes that the effects of the medication combined with frequent closings of the prison law library made him unable to discover his right to appeal his sentence.
 {¶ 5} However, the sentencing entry explicitly states that Reed was "given notice under R.C. 2929.19(B)(3) and of appellate rights under R.C. 2953.08." Thus, a law library was not necessary to discover his appellate rights. The rights were explained to him in person and were given to him in writing. Regardless, it has been held that lack of access to a law library is not sufficient justification for an untimely filing. See, e.g., State v. Dennis (1999), 86 Ohio St.3d 201, 202.
 {¶ 6} Moreover, the trial court docket reveals multiple filings by Reed in the year after the trial court sentenced him. As aforementioned, the court sentenced Reed on March 22, 2002 and journalized its entry on April 12, 2002. On August 20, 2002, Reed filed a pro se petition for post-conviction relief asking the court to vacate or set aside his sentence. First, he alleged that his counsel failed to advise him that he should have gone to trial and failed to interview witnesses. Second, he complained that the court failed to satisfy the statutory requirements for imposing the maximum sentence. We note that eight years is the maximum sentence of a second degree felony, and Reed was only sentenced to six years in prison. The trial court overruled Reed's petition on September 6, 2002.
 {¶ 7} Then, on November 1, 2002, Reed filed a pro se motion for judicial release, which was denied on November 18, 2002. His motion apologized for stealing from the victims. He then coherently explained how a chemical dependency program helped him realize his problems.
 {¶ 8} On November 21, 2002, Reed filed a pro se request for disposition of untried indictments, informations, or complaints under R.C. 2941.401 in trial court Case Nos. 01CR1304 through 01CR1362. These are apparently all the crimes that led to the pattern of corrupt activity charge.
 {¶ 9} On April 1, 2003, Reed filed a pro se motion for leave to file a second, successive post-conviction petition to vacate his sentence. Reed wished to attach proof of his assertions which he omitted from the first petition. He also claimed that the court failed to comply with Crim.R. 11 concerning his right to call witnesses at a jury trial. Reed next stated that the United States Supreme Court recently ruled that the statute used to convict him was invalid and unconstitutional. He also alleged that the element of obtaining property was not met. The trial court overruled this twelve-page motion.
 {¶ 10} On May 1, 2003, appellant filed notice of appeal from the trial court's entry overruling his second motion to vacate his sentence, resulting in appellate Case No. 03MA77. Finally, on May 30, 2003, appellant filed the notice of appeal and motion for delayed appeal from the April 12, 2002 sentencing entry, resulting in the case before us, appellate Case No. 03MA92.
 {¶ 11} As can be seen from the many filings, appellant's claims that he could not appeal due to his medicated state and a frequently closed prison law library are unsupported. At the very least, the May 1 notice of appeal clearly establishes that appellant was aware of the appellate process at least by that date. As we have stated, even if good cause existed throughout the year, once it is apparent the petitioner was aware of the process, the good cause begins to dissipate. Thompson, 7th Dist. No. 97JE40, citing Dennis, 86 Ohio St.3d at 202.
 {¶ 12} Regardless, as the state points out, appellant filed multiple motions in the trial court in the interim, which leads this court to conclude that the reasons set forth in his memorandum in support of his motion for leave to file a delayed appeal are not reasonable. SeeJackson, 7th Dist. No. 95CO04. In reading the motions, it is clear that appellant was researching law, drawing analytical conclusions, and formulating coherent arguments before the trial court.
 {¶ 13} Finally, this is not a case of a few days, weeks, or months late. Rather, the appeal is more than one year untimely with no indication of when his lithium dosage was decreased besides the vague allegation of "recently." See Thompson, 7th Dist. No. 97JE40.
 {¶ 14} For all of the foregoing reasons, appellant's motion for leave to file a delayed appeal is denied, and appellate case No. 03MA92 is hereby dismissed.
Waite, P.J., Vukovich and Donofrio, JJ., concur.