OPINION
{¶ 1} Defendant-appellant Gary Peoples appeals from the September 23, 2003, Judgment Entry of the Stark County Court of Common Pleas denying his Motion to Correct or Vacate Sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 27, 1998, the Stark County Grand Jury indicted appellant on two counts of aggravated robbery in violation of R.C. 2911.01, felonies of the first degree, and one count of failure to comply with order or signal of a police officer in violation of R.C. 2921.331, a felony of the fourth degree. At his arraignment on September 4, 1998, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Subsequently, on October 7, 1998, appellant withdrew his former not guilty plea and entered a plea of guilty to all of the charges. As memorialized in a Judgment Entry filed on November 30, 1998, appellant was sentenced to five years in prison on each count of aggravated robbery, to be served consecutively. The trial court also sentenced appellant to a concurrent twelve month prison sentence with respect to the charge of failure to comply with order or signal of a police officer. In short, appellant received an aggregate prison sentence of ten years. Appellant did not appeal his convictions or sentences.
 {¶ 4} Thereafter, on May 19, 1999, appellant filed a Petition to Vacate or Set Aside Sentence pursuant to R.C. 2953.21, alleging that he received ineffective assistance of counsel and was coerced into pleading guilty. After the trial court denied such motion, appellant filed a Notice of Appeal. Pursuant to a Judgment Entry filed on February 24, 2000, this Court dismissed appellant's appeal for want of prosecution since no brief had been filed.
 {¶ 5} On September 15, 2003, appellant filed a Motion to Correct and/or to Vacate Incorrect Sentence, arguing that the trial court, in sentencing appellant, failed to state on the record why appellant could not be sentenced to the shortest prison sentence and failed to make the requisite findings for imposing consecutive sentences. Appellant, in his motion, specifically alleged that the trial court had failed to comply with State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473 in sentencing appellant since it did not state its findings and reasons on the record at the sentencing hearing. Pursuant to a Judgment Entry filed on September 23, 2003, the trial court denied appellant's motion, citing Crim. R. 33, App.R. 4(B) and 26, Supreme Court Rule II, and R.C. 2953.21(A)(1), (A)(2), and (J).
 {¶ 6} It is from the trial court's September 23, 2003, Judgment Entry that appellant now appeals, raising the following assignments of error:
 {¶ 7} "I. The trial court erred as a matter of law when it denied the motion to correct or vacate sentence without holding a hearing to explain [why] the two five year sentences ran consecutive.
 {¶ 8} "II. The sentence imposed is contrary to current law because the trial court failed to explain on the record as to why it did not sentence to the shortest term."
 I, II {¶ 9} Appellant, in his two assignments of error, challenges the denial of his Motion to Correct and/or to Vacate Incorrect Sentence. Appellant specifically argues that the trial court erred in denying appellant's motion without holding a hearing "to explain [why] the two five year sentences ran consecutive" and that the trial court, in sentencing appellant, failed to explain on the record why it did not sentence appellant to the shortest prison term.
 {¶ 10} We find that appellant's motion was, in actuality, a petition for post-conviction relief because it requested the enforcement of rights guaranteed by the United States Constitution. The Supreme Court of Ohio has spoken on this issue in State v. Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304,679 N.E.2d 1131:
 {¶ 11} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Id. at syllabus. In Reynolds, as in the case sub juice, the defendant had filed a "Motion to Correct or Vacate Sentence."[1]
Furthermore, appellant, in his motion, cited to the Reynolds
case.
 {¶ 12} R.C. 2953.23(A) provides that a defendant may file only one petition for post-conviction relief, unless he can satisfy one of the narrow exceptions set forth in the statute. This statute provides in pertinent part:
 {¶ 13} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a secondpetition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 14} "(1) Either of the following applies:
 {¶ 15} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 16} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 17} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."[2]
(Emphasis added).
 {¶ 18} In the instant case, appellant originally filed a Petition to Vacate or Set Aside Sentence on May 19, 1999 seeking "post-conviction relief pursuant to R.C. 2953.21." Appellant specifically alleged that his trial counsel was ineffective and coerced him into pleading guilty. After the trial court overruled such petition, appellant filed a Notice of Appeal. Pursuant to a Judgment Entry filed on February 24, 2000, this Court dismissed appellant's appeal for want of prosecution. Thereafter, on September 15, 2003, appellant filed his second petition. However, appellant made no attempt to satisfy the requirements of R.C.2953.23(A) for a second petition. The trial court was, therefore, without jurisdiction to review the merits of appellant's second petition, and properly dismissed the petition summarily without holding a hearing.
 {¶ 19} Furthermore, we find that the trial court properly denied appellant's petition since it was untimely. Since no direct appeal was taken from appellant's judgment of conviction, appellant was required to file his petition no later than one hundred and eighty days after the expiration of the time for filing the appeal. See R.C. 2953.21(A)(2). As is stated above, appellant was convicted and sentenced in 1998. Clearly, his September 15, 2003, petition was not timely filed. Moreover, appellant failed to make a showing under R.C. 2953.23 to justify the late filing since appellant has not shown that he was unavoidably prevented from discovery of the facts upon which he had to rely to present his claim for relief.
 {¶ 20} Appellant's two assignments of error are, therefore, overruled.
 {¶ 21} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J., Gwin, P.J. and Hoffman, J. concur.
[1] In State v. Bush, 96 Ohio St.3d 235, 237-238,2002-Ohio-3993, 773 N.E.2d 522, the Ohio Supreme Court noted that "the rule of Reynolds reaches only a motion such as the one in that case — a "Motion to Correct or Vacate Sentence — that fails to delineate specifically whether it is a postconviction release petition or a Crim.R. 32.1 motion. Such irregular `no-name' motions must be categorized by a court in order to know the criteria by which the motion should be judged." Appellant's September 15, 2003 motion did not specify whether it was a postconviction relief petition or a Crim.R. 32.1 motion.
[2] This is the version of R.C. 2953.23 that was in effect when appellant's motion was filed. Changes to R.C. 2953.23 went into effect on October 29, 2003.