DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Miller Scott, appeals an order of the Sandusky County Court of Common Pleas that denied his pro se "Motion for Sentence Reduction And/Or Modification."
 {¶ 2} On October 7, 2003, appellant entered a guilty plea to one count of felonious assault, a violation of R.C. 2903.11(A)(2), a felony of the second degree, and to one count of Trafficking in Cocaine, in violation of R.C. 2925.03(A) and 2925.03(C)(4). On that same date, the trial court journalized its judgment of conviction. The judge sentenced appellant to two years in prison. Appellant never filed a direct appeal of that judgment.
 {¶ 3} On June 16, 2004, appellant filed his motion requesting sentence reduction or modification. Appellant argued that, at the time he entered his guilty plea and was sentenced, the trial judge had the necessary facts before him to find appellant guilty of aggravated assault, a felony of the third degree. He maintained that that the court's failure to find that the facts met the standard set forth in R.C. 2903.12 was a violation of the Due Process Clause of both the United States and Ohio Constitutions. Appellant therefore claimed that he was entitled to a reduced sentence.
 {¶ 4} On June 17, 2004, the trial court, without holding a hearing, denied appellant's motion. Appellant, acting pro se, appeals that judgment and sets forth the following assignments of error:
 {¶ 5} "The trial court errored [sic] when it denied the defendant-appellant's motion for sentence reduction and/or modification, without granting him a hearing and thereby abused its discretion and denied him due process rights guaranteed to him by the Fifth, Sixth, andFourteenth Amendments of the United States Constitution and Article I, Section 16 of the Ohio Constitution."
 {¶ 6} "The defendant-appellant pro se submits that Attorney Donald S. Bennett's failure to investigate and submit evidence onto the trier of facts, for viewing by the trial court made his assistance, negligent and ineffective."
 {¶ 7} "The defendant-appellant pro se submits that guilty judgment was against the manifest weight of the evidence."
 {¶ 8} Appellant, in his first assignment of error, contends that the trial court erred and abused its discretion by dismissing his motion to reduce or modify his sentence without a hearing. When a criminal defendant files a motion to vacate or modify a sentence subsequent to his direct criminal appeal or subsequent to the expiration of the time for his direct appeal and that motion asserts that his constitutional rights were violated, the motion is, in actuality, a petition for postconviction relief. See State v. Reynolds, 79 Ohio St.3d 158, 160, 1997-Ohio-304;State v. Cataraso, 4th Dist. No. 01CA2636, 2002-Ohio-3211, at ¶ 14;State v. Ferguson (July 15, 1998), 9th Dist. No. 97CA006976 (Citation omitted.).
 {¶ 9} R.C. 2953.21(A)(2) provides that a petition for postconviction relief shall be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the conviction or, in the absence of a direct appeal, no later than 180 days after the expiration of the time for filing an appeal. Appellant's motion/petition was filed more than 180 days after the expiration of the time for the filing of a direct appeal and was, therefore, untimely.
 {¶ 10} In addition, appellant's petition failed to meet the requirements of R.C. 2953.23(A), the statute which allows a trial court to entertain an untimely postconviction relief petition. See State v.Peoples, 5th Dist. No. 2003CA00357, 2004-Ohio-1630, at ¶ 19, State v.Ferguson, supra. In this case, appellant needed to: (1) demonstrate that he was unavoidably prevented from discovering the facts upon which he relied for his claim, and (2) show, by clear and convincing evidence, "that but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1) and (A)(2). A review of his petition establishes that appellant failed to satisfy either of these criteria.
 {¶ 11} Accordingly, the trial court properly dismissed appellant's untimely petition without a hearing, and appellant's first assignment of error is found not well-taken. Our disposition of appellant's first assignment of error renders appellant's second and third assignments of error moot; thus, we will not consider the merits of those assignments.
 {¶ 12} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal. See App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., Concur.