DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, wherein that court denied appellant's pro se motion to reduce his sentence. Appellant, Jesus Padilla-Montano, acting on his own behalf, appeals this judgment and asserts that the following error occurred in the proceedings below:
 {¶ 2} "The sentence of the defendant which involved sentencing enhancements `other' than the minimum prison term, not found by a jury, is unconstitutional under the holding of the United States Supreme Court."
 {¶ 3} On March 21, 2003, appellant entered a guilty plea to one count of trafficking in drugs in violation of R.C. 2925.03(A) and (C)(4)(f), a felony of the first degree, and one count of possessing criminal tools in violation of 2923.24(A) and (C), a felony of the fifth degree. In return, appellee, the state of Ohio, dismissed two other charges brought against appellant and recommended an aggregate sentence of three years.
 {¶ 4} On April 28, 2003, the trial court sentenced appellant to five years in prison for his conviction on the trafficking in drugs charge. This sentence was ordered to be served concurrently to the 11 months in prison imposed for appellant's conviction on the possession of criminal tools charge. The court further determined that, under R.C. 2925.03(A) and (C)(4)(f), five years of appellant's total sentence was mandatory. Thus, appellant is required to serve an aggregate sentence of five years in prison.
 {¶ 5} Appellant appealed the lower court's judgment and sentence to this court. See State v. Padilla-Montano, 6th Dist. No. L-04-1174, 2004-Ohio-5675. One of his assignments of error urged that that the 11 month sentence for the possession of criminal tools was excessive. Id. at ¶ 8. He raised no other error with regard to the sentence imposed by the trial court. We found that, pursuant to R.C. 2953.08(A)(2), appellant could not appeal the 11 month sentence. Id. at ¶ 33. We affirmed the trial court's judgment in all respects, including the five year mandatory sentence. Id. at ¶ 34.
 {¶ 6} On December 23, 2004, appellant filed a motion in the trial court that was captioned "Defendant's Motion for Resentencing and for Correction of an Illegal Sentence." Appellant maintained that his sentence exceeded the maximum sentence[1] that could be imposed for his convictions and that, therefore, under Apprendi v. New Jersey (2000),530 U.S. 466 and Blakely v. Washington, (2004), 542 U.S. 296 and their progeny, he was entitled to be resentenced to a term of three years in prison.
 {¶ 7} On January 25, 2005, appellant filed a "Motion for Reduction of Sentence" pursuant to R.C. 2953.21, Ohio's postconviction relief statute. Appellant rested this motion on an allegation that he would be deported by the United States Department of Immigration upon the completion of his sentence. He therefore asked the court to reduce his sentence to three years of incarceration.
 {¶ 8} Appellee filed a memorandum in opposition to both of appellant's motions. Appellee maintained, inter alia, that appellant's sentence did not exceed the maximum sentence allowed under R.C. 2925.03(A) and (C)(4)(f) and that appellant's claim was barred by the doctrine of res judicata. Appellant filed a reply.
 {¶ 9} The trial court denied appellant's motions based upon res judicata, the inapplicability of Apprendi and Blakely to the present case, and a lack of jurisdiction. For the following reason, we affirm the lower court's judgment.
 {¶ 10} A review of the case law pertinent to this appeal reveals that courts treat a motion for correction or vacation of a sentence made subsequent to a direct appeal as a petition for postconviction relief. See State v. Reynolds (1997),79 Ohio St.3d 158, syllabus; State v. Conley, 9th Dist. No. 05CA0057-M,2005-Ohio-6218, at ¶ 8; State v. Caldwell, 3d Dist. No. 11-05-07, 2005-Ohio-5375, at ¶ 9. A motion to reduce a sentence as being in violation of an offender's constitutional rights that is filed after a defendant's direct appeal is also, in actuality, a petition for postconviction relief. State v. Scott, 6th Dist. No. S-04-014, 2005-Ohio-406, at ¶ 8. Thus, both motions filed by appellant are considered petitions for postconviction relief. Therefore, appellant was required to comply with R.C.2953.21(A)(2), which provides, in pertinent part:
 {¶ 11} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."
 {¶ 12} Appellant pursued a direct appeal. Therefore, to be timely, appellant's petitions for postconviction relief had to be filed within 180 days of the filing of the transcript in the court of appeals. Here, the transcript was filed in his direct appeal on July 2, 2003. Appellant had 180 days from that date to file a timely petition for postconviction relief. However, appellant filed his motion for correction of his sentence on December 23, 2004, more than 17 months later. The January motion, which was brought expressly in accordance with Ohio's postconviction relief statute, was filed more than 18 months after the filing of the transcript in his direct appeal. Accordingly, appellant's motions are untimely.
 {¶ 13} A court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the both of the requirements in R.C. 2953.23(A). State v. Foster,
8th Dist. No. 86155, 2005-Ohio-6625, at ¶ 9; Scott, at ¶ 10. Therefore, in the case sub judice, appellant needed to: (1) demonstrate either that he was unavoidably prevented from discovering the facts upon which he relied for his claim, or
subsequent to the period prescribed in R.C. 2953.21(A)(2) the United States Supreme Court recognized a new state or federal right that applies retroactively to a person in petitioner's position and his or her petition asserts a claim based on that and right; and (2) show, by clear and convincing evidence, "that but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(a) and (A)(1)(b). Neither of appellant's petitions meet this standard.
 {¶ 14} The petition filed in January 2005, which was predicated upon appellant's deportation, clearly fails to meet either of these requirements. Further, because the United States Supreme Court limited its holding in Apprendi and Blakely
concerning sentencing guidelines to cases on direct review, seeFoster, at ¶ 11, citing State v. Booker (2004), 543 U.S. 220,125 S.Ct. 738, 769, the December 2004 motion also fails to meet the first requirement in R.C. 2953.23(A)(1)(a).[2] As a result, the trial court could not consider the merits of appellant's untimely petitions for postconviction relief.
 {¶ 15} Accordingly, appellant's sole assignment of error is found not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish., concur.
[1] The maximum term for a first degree felony is 10 years, not 5 years. R.C. 2929.14(A)(1).
[2] Additionally, this court previously held that theApprendi/Blakely protections of a defendant's right to trial by jury are not implicated under Ohio's sentencing scheme and thatBlakely applies only when the maximum sentence in the available range for an offense has been exceeded which, under Ohio law, simply does not occur. State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, at ¶ 18.