DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, James R. Eubank, appeals the judgment of the Lucas County Court of Common Pleas, which denied his motion captioned "Motion for Final Appealable Order." Appellant challenged his original judgment entry of sentencing, dated July 25, 1985, arguing that the trial court "failed to pronounce or calculate an *Page 2 
aggregated minimum or maximum term of imprisonment." Denying the motion, the trial court found that the judgment entry of sentence properly reflected appellant's sentence.
 {¶ 2} Appellant appealed that decision and now assigns one error for review:
 {¶ 3} "The trial court abused its discretion and due process rights of the [defendant] by denying the motion for a final appealable order pursuant to Crim.R. 32(C) when it found the judgment of sentence properly reflects [defendant's] sentence against the 6th and 14th Amendments, U.S.C.A. and Article I, Section 10, of the Ohio Constitution."
 {¶ 4} Appellant was convicted of two counts of involuntary manslaughter and two counts of aggravated arson, each felonies of the first degree. For each of the four counts, appellant was sentenced to periods of incarceration of not less than 10 years and not more than 25 years. The sentences for aggravated arson were ordered to run concurrently to each other, but consecutively to the sentences for involuntary manslaughter. Since his conviction, appellant has filed numerous unsuccessful postconviction motions.
 {¶ 5} Motions to correct or vacate a sentence made subsequent to a direct appeal are treated as petitions for postconviction relief.State v. Padilla-Montano, 6th Dist. No. L-05-1099, 2006-Ohio-115,¶ 10, citing State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. "A motion to reduce a sentence as being in violation of an offender's constitutional rights that is filed after a defendant's direct appeal is also, in actuality, a petition for postconviction relief." Id. *Page 3 
 {¶ 6} "A court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the both of the requirements in R.C. 2953.23(A)." Id. at ¶ 13. Therefore, in filing this motion, appellant was required to comply with R.C. 2953.21(A)(2), which relevantly provides:
 {¶ 7} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."
 {¶ 8} This court affirmed appellant's conviction and sentence on direct appeal. State v. Eubank (1987), 38 Ohio App.3d 141. Clearly, the instant motion was filed more than 180 days after appellant's direct appeal. Since appellant's petition is untimely, he must demonstrate that (1) the "United States Supreme Court recognized a new state or federal right that applies retroactively to a person in petitioner's position and his or her petition asserts a claim based on that and right; and (2) show, by clear and convincing evidence, `that but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted.'" State v.Padilla-Montano, 2006-Ohio-115, ¶ 13, quoting R.C. 2953.23(A)(1)(a) and (A)(1)(b).
 {¶ 9} Appellant does not assert that a newly articulated constitutional right applies to his conviction or sentence. Rather, he argues that his original judgment entry of sentencing does not comport with Crim.R. 32(C) and is therefore not a final, appealable order. Specifically, he argues that the sentencing judgment does not explicitly *Page 4 
compute the total minimum and maximum terms of incarceration ordered. Instead, the judgment entry stated that the terms of incarceration run as ordered "except as these sentences may be affected by Section2929.41(A)(2) in regard to aggregate minimum multiple sentences [sic]." Since R.C. 2929.41(A) did not have subsections at the time of appellant's offenses, the trial court apparently meant to have written "R.C. 2929.41(E)(2)," which provided that "Consecutive terms of imprisonment shall not exceed:
 {¶ 10} "(1) * * *
 {¶ 11} "(2) An aggregate minimum term of fifteen years, plus the sum of all three-year terms of actual incarceration imposed pursuant to section 2929.71 of the Revised Code and the sum of all six-year terms of actual incarceration imposed pursuant to section 2929.72 of the Revised Code, when the consecutive terms imposed are for felonies other than aggravated murder or murder * * *."
 {¶ 12} The aggregate minimum sentencing limitations of R.C. 2929.41(E) are self-executing and do not require explicit articulation in the judgment entry of sentencing. See State v. White (1985),18 Ohio St.3d 340. The Ohio Supreme Court has held that a declaratory judgment action is the correct procedural vehicle to challenge or correct a judgment entry of sentence to reflect R.C. 2929.41(E)(2) issues. State ex rel.Earl v. Shafer (1999), 85 Ohio St.3d 370; State ex rel. Konoff v.Shafer (1997), 80 Ohio St.3d 294. *Page 5 
 {¶ 13} Because appellant's motion must be construed as a motion for postconviction relief, and because the motion does not meet the requirements of R.C. 2953.21, the trial court lacked jurisdiction to entertain the motion's merits. Appellant's assigned error is not well-taken.
 {¶ 14} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1