JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Kimmy Knuckles, pro se, appeals the trial court's denial of his untimely petition for post-conviction relief. Finding no merit, we affirm.
 {¶ 2} In 2005, Knuckles was convicted of two counts of burglary, violations of R.C. 2911.12, with notices of prior convictions. Knuckles appealed his conviction, which this court upheld in State v.Knuckles, 8th Dist. No. 86053, 2005-Ohio-6345. From that decision, we summarize the following facts:
 {¶ 3} In June 2004, Knuckles attempted to steal a heavy-duty saw from Jonathon Widman's home. Upon being discovered, he fled Widman's home. *Page 3 
While pursuing Knuckles, Widman yelled for an onlooker to call the police. Knuckles then entered another home where an occupant yelled at him to leave. The police apprehended Knuckles at the scene and arrested him.[1]
 {¶ 4} On November 30, 2006, nearly a year after Knuckles's direct appeal concluded, Knuckles, pro se, filed a petition for post-conviction relief and requested an evidentiary hearing. He argued that the State's witness, Jonathan Widman, perjured himself at trial, and that the prosecutor engaged in prosecutorial misconduct because she never corrected the perjured testimony. He claimed that Widman lied about his employment at the time of the incident and that Widman's trial testimony differed from his statements to the police.[2]
 {¶ 5} As for the untimeliness of his petition, Knuckles claimed that he had limited access to any library because he spent nearly 15 months in the prison's psychiatric unit.
 {¶ 6} The trial court denied Knuckles's petition without holding a hearing. Knuckles appeals, raising one assignment of error.[3] *Page 4 
 {¶ 7} In his sole assignment of error, Knuckles argues that he was denied due process when the trial court overruled his petition for post-conviction relief. We disagree.
 {¶ 8} R.C. 2953.21(A)(2) provides that if a direct appeal is taken, a petition for post-conviction relief shall be filed no later than 180 days after the filing of the trial transcript in the court of appeals. Although the trial transcript was filed in the court of appeals on April 13, 2005, Knuckles waited until November 30, 2006 to file his petition. Because he filed more than a year after the required deadline, his petition was untimely.
 {¶ 9} A petition challenging a conviction filed after the 180-day requirement is untimely and the trial court may not entertain it unless one of the enumerated exceptions apply. See R.C. 2953.23(A). Here, the only relevant exception, R.C. 2953.23(A)(1), allows an untimely petition if the following two prongs apply:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." *Page 5 
 {¶ 10} We find that Knuckles failed to satisfy both prongs, thereby depriving the court of jurisdiction to consider his petition. SeeState v. Hutton, 8th Dist. No. 80763,2007-Ohio-5443, at ¶ 23. Although Knuckles offered an explanation as to why he could not have discovered the facts supporting his petition earlier,[4] he utterly failed to show, or even argue, that, but for the constitutional error at trial, "no reasonable fact finder" would have found him guilty.
 {¶ 11} Here, Knuckles alleged that Widman perjured himself and that the prosecutor failed to correct it. Apart from not offering any credible evidence demonstrating that Widman perjured himself, Knuckles failed to demonstrate that, absent the perjured testimony, no reasonable fact finder would have found him guilty. Indeed, Knuckles's petition did not rebut that (1) he entered Widman's home without permission, (2) that he fled after Widman chased him, and (3) that he forced himself into another home where a witness identified him, corroborating Widman's testimony. See Knuckles, supra. Accordingly, the trial court properly denied Knuckles's petition for post-conviction relief.
 {¶ 12} Moreover, even if the trial court had jurisdiction to consider Knuckles's petition, the doctrine of res judicata barred his claims. *Page 6 
 {¶ 13} "Under the doctrine of res judicata a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was or could have been raised by the defendant at trial, which resulted in that judgment of conviction or on appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175; see, also, State v. Reynolds, 79 Ohio St.3d 158, 161, 1997-Ohio-304. In his petition for post-conviction relief, Knuckles attacked Widman's credibility and argued that his testimony was inconsistent with statements made to the police. But Knuckles made this exact same argument in his direct appeal. See Knuckles, supra, at T|30. As for Knuckles's new argument regarding Widman's credibility on the basis that he allegedly lied about his employment, this too is barred by the doctrine of res judicata because it could have been raised on direct appeal. Perry, supra.
 {¶ 14} Accordingly, Knuckles's sole assignment is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] For a more detailed factual account of the events leading to Knuckles's conviction, see Knuckles, supra, ]}2-15.
[2] The police offense/incident report indicates that Widman, while standing on the second floor landing of his home, saw Knuckles climbing his stairs. Knuckles claimed that Widman testified at trial that he saw Knuckles on the landing inside his house without stating that he, too, was standing there.
[3] Although Knuckles's table of contents appears to assert two assignments of error, he addresses only one in his brief.
[4] Although limited access to a law library is generally not recognized as a justifiable basis for filing an untimely petition, see, e.g., State v. Reed, 7th Dist. No. 03 MA 92, 2003-Ohio-5441, citingState v. Dennis (1999), 86 Ohio St.3d 201, 202, we need not even address this issue because Knuckles utterly failed to satisfy the second prong of the statute. *Page 1