DECISION AND JUDGMENT
{¶ 1} This is a pro se appeal from a judgment of the Erie County Court of Common Pleas that denied appellant's petition for postconviction relief. For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} In May 2003, appellant was found guilty by a jury of nine drug offenses, possession of criminal tools, and tampering with evidence. Appellant was sentenced to a total of 19 years imprisonment. Appellant appealed his conviction and sentence and, by *Page 2 
judgment entry filed November 5, 2004, this court remanded the matter for resentencing. State v. Young, 6th Dist. No. E-03-033, E-03-031,2004-Ohio-5896. Appellant then appealed his resentencing. By judgment entry filed February 17, 2006, this court affirmed the judgment of the trial court. On April 4, 2008, appellant filed a pro se "Motion to Set Aside and Vacate Conviction and Sentence." The trial court found that, although appellant captioned his motion as a petition to vacate or set aside his conviction and sentence, it was a request for postconviction relief subject to the provisions of R.C. 2953 et seq. Appellant's petition was denied by the trial court on April 15, 2008.
 {¶ 3} Appellant sets forth the following assignments of error:
 {¶ 4} "Assignment of Error No. 1:
 {¶ 5} "The trial court erred as a matter of law, abused its discretion, and denied appellant due process protection, where it granted summary judgment and dismissed the petition three (3) days after the appellee filed their answer thereby not giving the appellant the opportunity to amend his petition, or respond to the appellee's answer.
 {¶ 6} "Assignment of Error No. 2:
 {¶ 7} "The trial court erred as a matter of law, and abused its discretion where it ruled that appellant failed to demonstrate that he was unavoidably prevented from discovery of the facts upon which petitioner relied to present the claim for relief. *Page 3 
 {¶ 8} "Assignment of Error No. 3:
 {¶ 9} "The trial court erred as a matter of law, and abused its discretion, where it ruled that appellant failed to demonstrate by clear and convincing evidence that, but for a constitutional error at trial, no reasonable factfinder would have found petitioner guilty of the offense which petitioner was convicted.
 {¶ 10} "Assignment of Error No. 4:
 {¶ 11} "The trial court erred as a matter of law, and abused its discretion, where it applied a res judicata bar to the facts of this case.
 {¶ 12} "Assignment of Error No. 5:
 {¶ 13} "The trial court erred as a matter of law, and abused its discretion where it misconstrued appellant's issue for review, thereby, denying appellant due process of law to a fair hearing.
 {¶ 14} "Assignment of Error No. 6:
 {¶ 15} "The failure to review would create a fundamental miscarriage of justice on the grounds of actual and factual innocence, and insufficiency of the evidence claim."
 {¶ 16} We note at the outset that the trial court was correct in considering appellant's motion as a petition for postconviction relief although it was not captioned as such. When a criminal defendant files a motion to vacate or modify a sentence subsequent to his direct criminal appeal or subsequent to the expiration of the time for his direct appeal and that motion asserts that his constitutional rights were violated, the *Page 4 
motion is, in actuality, a petition for postconviction relief. SeeState v. Reynolds, 79 Ohio St.3d 158, 160, 1997-Ohio-304; State v.Scott, 6th Dist. No. S-04-014, 2005-Ohio-406.
 {¶ 17} In his first assignment of error, appellant asserts that the trial court should not have denied his petition before he was able to reply to the state's response. The record reflects that the trial court denied appellant's petition three days after the state filed its response and motion for summary judgment.
 {¶ 18} R.C. 2953.21 states that a petition for postconviction relief shall not be filed later than 180 days after the time allowed for filing a direct appeal has expired. Appellant herein filed his petition for postconviction relief on April 4, 2008, over two years after he was resentenced. Clearly, appellant's petition was not timely filed. In addition, appellant's petition failed to meet the requirements of R.C. 2953.23(A), the statute which allows a trial court to consider an untimely postconviction relief petition under certain circumstances. SeeState v. Scott, supra, at ¶ 10. In this case, because his petition was not timely filed, appellant needed to: (1) demonstrate that he was unavoidably prevented from discovering the facts upon which he relied for his claim, and (2) show, by clear and convincing evidence, "that but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2952.23(A)(1) and (2). A review of his petition establishes that appellant failed to satisfy either of these criteria.
 {¶ 19} Accordingly, the trial court properly dismissed appellant's untimely petition without allowing time for appellant to respond to the state's motion. Appellant's first *Page 5 
assignment of error is not well-taken. Our disposition of appellant's first assignment of error renders his second, third, fourth, fifth and sixth assignments of error moot; thus, we will not consider the merits of those assignments.
 {¶ 20} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR. *Page 1