[Cite as *State v. Allen*, 2011-Ohio-3843.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96311**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAVID JIMMIE ALLEN

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-489462

**BEFORE:** Blackmon, P.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 4, 2011

**APPELLANT**

David Jimmie Allen, Pro Se
Inmate No. 542-502
Lorain Correctional Institution
2075 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Katherine Mullin
Aaron Brockler
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant David Jimmie Allen ("Allen") appeals pro se the trial court's denial of his untimely petition for post-conviction relief and assigns the following three errors for our review:

"**I.    The trial court erred by denying without an evidentiary hearing appellant's postconviction petition alleging ineffective assistance of counsel when appellant had submitted evidentiary documents containing**

sufficient operative facts to demonstrate ineffective assistance of counsel as well as proof that appellant was unavoidably prevented from discovering the facts in which he must rely to make a timely petition for postconviction relief pursuant to R.C. 2953.21 180 day time limit. The trial court thereby violated appellant's statutory rights granted by R.C. 2953.23; and deprived him of due process of law and effective assistance of counsel in violation of Article I, Section 10 and 16 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution."

"II. When a trial court denies a defendant's motion for mistrial and convicts a defendant after undeniable proof of the states alleged negligence in providing accurate Criminal Rule 16 discovery renders a defendant's jury waiver invalid therefore no valid conviction can be obtained from this error, in violation of defendant's right to due process of law under the Fourteenth Amendment to the United States Constitution and Article 1, Section 14 of the Ohio Constitution."

"III. When trial counsel doesn't object to a trier of fact verdict finding defendant not guilty of the indicted charge and guilty of a lesser, when there was no sufficient evidence in the record supporting such a conclusion a defendant is denied his constitutional right to effective assistance of counsel in violation of his rights under the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution."

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

## Facts

{¶ 3} In February 2008, Allen was convicted of murder with one-and three-year firearm specifications. The trial court sentenced Allen to a 15-to-life prison sentence. Allen appealed his conviction, which this court upheld in *State v. Allen*, Cuyahoga App. No. 91107, 2009-Ohio-2572.[1]

{¶ 4} On November 29, 2010, Allen filed a petition for postconviction relief and requested an evidentiary hearing. He argued that his trial counsel was ineffective for failing to use a witness statement collected by a private detective, failed to object to the trial court's finding him guilty of the lesser included offense of murder, and the trial court erred by denying his motion for a mistrial when it was clear the state conducted negligent discovery. The trial court denied Allen's petition without holding a hearing.

## Untimely Petition for Postconviction Relief

{¶ 5} Before reviewing Allen's assigned errors, we address the trial court's jurisdiction to review an untimely filed petition of postconviction relief.

---

[1]For a detailed factual account of the events leading to Allen's conviction, see our decision from Allen's direct appeal.

**{¶ 6}** R.C. 2953.21(A)(2) provides that if a direct appeal is taken, a petition for postconviction relief shall be filed no later than 180 days after the filing of the trial transcript in the court of appeals. Here, the trial transcript was filed in the court of appeals on April 15, 2008. Therefore, his petition for postconviction relief needed to be filed by October 12, 2008. Allen waited until November 29, 2010, to file his petition. Because he filed the petition more than two years after the required deadline, it was untimely filed.

**{¶ 7}** A petition challenging a conviction filed after the 180-day requirement is untimely and the trial court may not entertain it unless one of the enumerated exceptions apply. See R.C. 2953.23(A); *State v. Houston,* Cuyahoga App. No. 95994, 2011-Ohio-2798; *State v. Knuckles,* Cuyahoga App. No. 89361, 2008-Ohio-2031; *State v. Perotti,* Cuyahoga App. No. 89731, 2008-Ohio-1266. Here, the only relevant exception, R.C. 2953.23(A)(1), allows an untimely petition if the following two prongs apply:

> **"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.**

**"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."**

{¶ 8} We conclude that Allen failed to prove he was unavoidably prevented from discovering the facts upon which his petition was based. While he argues his defense counsel refused to give him his file, which contained the investigator's report, the record shows he was sent the file in July 2009. Thus, the delay in receiving the investigator's report does not excuse his failure to file his petition until November 2010, more than a year after receiving the file. Accordingly, Allen's assigned errors are overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR