[Cite as *State v. Lee*, 2012-Ohio-3373.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97885**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM LEE

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-494736

**BEFORE:** Blackmon, A.J., E. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** July 26, 2012

**APPELLANT PRO SE**

William Lee
Inmate #533-276
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43302


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Angela Thomas Fain
T. Allan Regas
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1}   Appellant William Lee appeals pro se the trial court's denial of his petition for postconviction relief and assigns the following error for our review:

**Trial court abused [its] discretion.**

{¶2}   Having reviewed the record and pertinent law, we affirm the trial court's decision.   The apposite facts follow.

## Facts

{¶3}   On September 4, 2007, Lee pleaded guilty to drug trafficking; the trial court sentenced him to five years in prison.   The trial court also found Lee was indigent and waived the court costs, but imposed the mandatory minimum fine of $7,500 pursuant to R.C. 2920.18(B)(1).

{¶4}   Lee did not file a direct appeal from his conviction; however, he did file several motions for postconviction relief.   On January 5, 2012, Lee filed a "motion for hearing upon good cause" in which he argued that it was unlawful for the trial court to order him to both serve time in prison and pay a fine.   The trial court denied Lee's motion, stating:

> **Defendant's pro se motion for hearing upon good cause is denied.   The defendant is seeking a finding from this court that he cannot be sentenced to prison and ordered to pay a fine.   The fine levied against the defendant in this matter is mandatory per statute.   As such, the defendant is responsible for payment of said amount.** Journal Entry, January 10, 2012.

**Petition for Postconviction Relief**

**{¶5}** In his sole assigned error, Lee argues the trial court erred by denying his motion.

**{¶6}** We note at the outset that Lee's motion was a petition for postconviction relief although it was not captioned as such. When a criminal defendant files a motion to vacate or modify a sentence subsequent to his direct criminal appeal or subsequent to the expiration of the time for his direct appeal and that motion asserts that his constitutional rights were violated, the motion is, in actuality, a petition for postconviction relief. *See State v. Reynolds*, 79 Ohio St.3d 158, 160, 1997-Ohio-304, 679 N.E.2d 1131; *State v. Kelly*, 8th Dist. No. 97673, 2012-Ohio-2930; *State v. Scott*, 6th Dist. No. S-04-014, 2005-Ohio-406.

**{¶7}** Under R.C. 2953.21(A)(2), when no direct appeal is taken, a petitioner must file his petition for postconviction relief no later than 180 days after the expiration of the time for filing the direct appeal of the judgment of conviction. In the instant case, Lee was convicted in September 2007. Lee did not file his petition until 2012, which is several years beyond the statutory time limit to file an appeal as to his original conviction.

**{¶8}** Generally, the trial court has no jurisdiction to consider an untimely petition for postconviction relief. *State v. Houston*, 8th Dist. No. 95994, 2011-Ohio-2798; *State v. Knuckles*, 8th Dist. No. 89361, 2008-Ohio-2031; *State v. Perotti*, 8th Dist. No. 89731, 2008-Ohio-1266; *State v. Schultz*, 8th Dist. No. 85430, 2005-Ohio-6627. The trial court

may, however, entertain untimely petitions for postconviction relief if the defendant demonstrates either (1) he was unavoidably prevented from discovering facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation. R.C. 2953.23(A)(1)(a). Neither of these exceptions applies to the instant case.

{¶9} Thus, because Lee's petition was untimely filed, the court should have denied the motion based on lack of jurisdiction. Instead, the trial court addressed Lee's petition and denied it after considering the merits. Nonetheless, we affirm the trial court's decision because it reached the correct result even though it was based on the wrong analysis. *See State v. Blankenship*, 38 Ohio St.3d 116, 119, 526 N.E.2d 816 (1988). Accordingly, Lee's assigned error is overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR