[Cite as *State v. Johnson*, 2019-Ohio-4896.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No. E-19-006

    Appellee                                          Trial Court No. 2007-CR-538

v.

Bruce T. Johnson                                  **DECISION AND JUDGMENT**

    Appellant                                         Decided:  November 27, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, Assistant Prosecuting Attorney,
for appellee.

Bruce Johnson, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Bruce Johnson, is appealing the October 12, 2018 judgment by

the Erie County Court of Common Pleas denying his motion for postconviction relief.

Appellant brings forth one assignment of error in this accelerated appeal:

The trial court erred by not granting Appellant's petition for post conviction relief to reclassify him as a sex offender under Megan's Law.

{¶ 2} On April 29, 2007, appellant had sex with the victim while she was sleeping. She was originally unaware of appellant's actions, and when she awoke, she reported the assault to police. On October 12, 2007, appellant was charged with sexual battery and rape. Following a plea bargain, appellant was found guilty of sexual battery and sentenced to four years of community control sanctions. Appellant was later classified as a Tier III sexual offender.

{¶ 3} On June 21, 2018, appellant filed a motion to vacate judgment which sought, in part, to have the trial court reclassify him as a sex offender under the law that was in place at the time of his sentencing. The trial court denied appellant's motion.

{¶ 4} Appellant argues that he must be reclassified as a sex offender under Megan's Law. Appellee concedes that appellant's assignment of error is correct and that his sex offender classification is void.

{¶ 5} As sex offender registrations are remedial in nature, "the civil manifest weight standard of review applies, under which a trial court's determination that a particular offender is a sexual predator will be upheld if the court's judgment is supported by some competent, credible evidence going to all the essential elements of the case." *State v. Parsons*, 6th Dist. Huron No. H-00-042, 2001 WL 950043 (Aug. 17, 2001). *See also State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 32.

2.

**{¶ 6}** In 1996, Ohio enacted what is known as "Megan's Law." Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560. This created a classification system for sex offenders and required registration and community notification. On January 1, 2008, Ohio enacted S.B. 10 otherwise known as the "Adam Walsh Act." 2007 Am.Sub.S.B. 10. S.B. 10 replaced Megan's Law with a retroactive system for classifying sex offenders into three tiers based on the offense the offenders are convicted of. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 20.

**{¶ 7}** The portion of S.B. 10 that required the law to be applied retroactively was found unconstitutional by the Ohio Supreme Court in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. Thus, S.B. 10 cannot be applied to anyone who was convicted prior to its enactment. *Id*. at ¶ 21-22.

**{¶ 8}** When a defendant filed a motion to vacate or modify his or her sentence subsequent to a direct appeal, or after the time to file a direct appeal has passed, and claims a violation of constitutional rights, the motion is considered a petition for postconviction relief. *State v. Young*, 6th Dist. Erie No. E-08-041, 2009-Ohio-1118, ¶ 16.

**{¶ 9}** The doctrine of res judicata applies to petitions for postconviction relief which bars any action that was or should have been brought forward on a direct appeal of the conviction. *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989, ¶ 48, quoting *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). However, res judicata does not apply to a void sentence. *State v. Moore*, 2d Dist. Mahoning No.

3.

12 MA 91, 2013-Ohio-1431, 990 N.E.2d 165, ¶ 14, citing *State v. Davis*, 7th Dist. No. 11-MA-53, 2012-Ohio-4112, ¶ 9.

{¶ 10} Appellant was convicted and sentenced prior to the enactment of S.B. 10 and therefore must be classified under Megan's Law. His petition for postconviction relief was not barred by res judicata because the portion of his sentence as it relates to his sex offender status is void. Therefore, the trial court erred when it denied appellant's motion to be reclassified under Megan's Law.

{¶ 11} Appellant's petition for postconviction relief was not barred by res judicata, his offense occurred prior to the effective date of S.B. 10, and he should have had his sex offender status reclassified under Megan's law. Therefore, his sex offender classification is void and appellant's assignment of error is well-taken.

{¶ 12} Judgment of the Erie County Court of Common Pleas is reversed and the matter is remanded to hold a resentencing hearing on appellant's sex offender status. Appellant is entitled to appointed counsel for this resentencing hearing if it is determined that he is indigent. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____

JUDGE

Thomas J. Osowik, J. _____

Gene A. Zmuda, J. _____

_____

CONCUR.

JUDGE

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.