JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Kenneth Short, III ("Short") appeals the lower court's denial of his motion for relief from judgment under Civ.R. 60(B)(1). Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I. {¶ 2} In 1996, a jury found Short guilty of aggravated murder with a firearm specification and guilty of having a weapon under a disability. The trial judge sentenced Short to three years consecutive to life for aggravated murder and an additional consecutive eleven months for the weapon disability count. Short appealed, and his conviction was affirmed. State v. Short,
Cuyahoga App. No. 73618, 1998-Ohio-6102 ("Short I").
 {¶ 3} Almost four years later, Short filed a "Petition to Vacate or Set Aside Sentence Based on Newly Discovered Evidence," under R.C. 2953.23(A), arguing that one of the state's witnesses falsely testified about his criminal record at trial; however, that motion was denied. Short again appealed, and while that appeal was pending, he moved for an in-camera inspection of the grand jury testimony of three witnesses and then filed a second postconviction relief petition. Once again, we affirmed the lower court, finding that the petition was untimely and without exception. State v. Short, Cuyahoga App. No. 82246, 2003-Ohio-3538 ("Short II").
 {¶ 4} After this court affirmed the denial of postconviction relief in Short II, the trial judge denied the pending motion for an in-camera inspection, citing the lack of jurisdiction. Short appealed this decision to this court, which again affirmed.State v. Short, Cuyahoga App. No. 83492, 2004-Ohio-2695 ("Short III").
 {¶ 5} On December 9, 2003, after this court affirmed the denial of the first postconviction petition in Short II, Short filed a motion for relief from judgment under Civ.R. 60(B)(1) in the common pleas court and argued that, in filing his postconviction petition, he failed to attach the state's discovery response which was filed on September 12, 1997. On January 22, 2004, the common pleas court denied this motion, and Short appealed to this court for the fourth time.
 {¶ 6} According to the facts, Marvin Hall, Jr. ("the victim") was murdered on August 9, 1996. That day Charles Jones was drinking beer with Short outside of Short's house on Folsom Avenue. When Short went into the backyard, the victim stopped to visit with Jones. Jones saw Janel Alford, Short's girlfriend, drive her car into the driveway and the car hit the victim, who was knocked into the fence. The victim argued with Janel and called her a "bitch." Short then came from the backyard and shot the victim several times. Jones stated that the victim did not threaten or say anything to Short prior to the shooting.
 {¶ 7} Raymond Harris testified that he also lived on Folsom Avenue and knew Short from the neighborhood. On the day of the murder, Harris walked over to Short's house to borrow a cigarette. Harris saw Short retrieve a gun from under the steps and place it under his shirt in the back of his pants. He noticed that Short was acting nervous and heard him say he would blow out the victim's brains if he did not hurry back with his $50 or his package. Because Short was high, Harris left. When Harris returned, he learned that the victim had been shot.
 {¶ 8} Dr. Seligman, from the county coroner's office, testified that the victim was shot eight times — twice in the left shoulder and once each in the left side, lower back, left arm, right chest, left upper back, and the back of the head. Dr. Seligman determined that the gunshot to the back of the head was the last shot fired.
 {¶ 9} After shooting the victim, Short fled to New York City. He was unable to remember how many times he shot the victim or why he shot him in the back of the head.
 {¶ 10} The jury returned a verdict of guilty of aggravated murder and having a gun while under a disability.
 II. {¶ 11} Appellant's sole assignment of error states the following: "The trial court erred and abused its discretion in denying appellant's motion for relief from judgment where appellant adequately demonstrated mistake, inadvertence and excusable neglect to warrant relief from the judgment denying his post-conviction petition as untimely."
 {¶ 12} To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: 1) he has a meritorious defense or claim to present if relief is granted; 2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) his motion is made within a reasonable time and where the grounds of relief are Civ.R 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Electric, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146. If any of these three requirements are not met, the motion should be denied. Svoboda v. Brunswick
(1983), 6 Ohio St.3d 348, 351. The question of whether relief should be granted is addressed to the sound discretion of the trial court. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
 {¶ 13} Appellant argues in his Civ.R. 60(B) motion that he is entitled to relief due to his mistake and inadvertence. However, appellant fails to demonstrate that he is entitled to relief due to any mistake or inadvertence on the part of the court, but rather due to his own mistake. The purpose of Civ.R. 60(B) is not to allow for relief from judgment to correct strategic errors committed by litigants themselves.
 {¶ 14} In addition to appellant's misconception regarding the above, we note that appellant failed to satisfy the jurisdictional time requirements of R.C. 2953.23. R.C. 2953.23, "time for filing petition; appeals," states the following in section A:
"(A) Whether a hearing is or is not held on a petition filedpursuant to section 2953.21 of the Revised Code, a court may notentertain a petition filed after the expiration of the periodprescribed in division (A) * * * unless division (A)(1) or (2) ofthis section applies:
 "(1) Both of the following apply:
 "(a) Either the petitioner shows that the petitioner wasunavoidably prevented from discovery of the facts upon which thepetitioner must rely to present the claim for relief, * * *.
 "(b) The petitioner shows by clear and convincing evidencethat, but for constitutional error at trial, no reasonablefactfinder would have found the petitioner guilty of the offenseof which the petitioner was convicted * * *."
 {¶ 15} In the case sub judice, appellant's trial counsel was not unavoidably prevented from discovering the criminal records of any of the prior witnesses. The information regarding witness Jones' criminal record could have easily been discovered with due diligence on the part of defense counsel before trial. The appellant's attorney in this case was not unavoidably prevented from discovering the witnesses' criminal record, thereby resulting in failure of the jurisdictional time requirements of R.C. 2953.23.
 {¶ 16} Appellant does not have a meritorious defense in the case at bar. Indeed, as this court has previously stated inShort II:
"There was no error in denying Short's postconviction reliefpetition as untimely because the character of the evidence Shortnow wishes to introduce does not qualify as `newly discoveredevidence,' the exception in R.C. 2953.23(A)(1)(a) is inapplicableand the judge was without jurisdiction to evaluate the motion onits merits.
 " * * * The Ohio Supreme Court has recently observed that,unless a petitioner alleges with specificity the facts supportinga claim based on newly discovered evidence, a judge need notissue findings of fact and conclusions of law in denying apostconviction motion under that section.
 "Here, Short makes no showing whatsoever that Jones' criminalrecord could not have been discovered in due diligence beforetrial. * * * Finding no logic in this argument, we rejectit."[1]
 {¶ 17} In Short II, this court also addressed appellant's claims regarding the other two witnesses, Allen and Harris. This court stated the following:
"On appeal, Short alleges that two other witnesses, PercyAllen and Eugene Nathaniel Harris, had also lied regarding theirpast criminal histories, but, since no argument or evidencerelative to these persons was submitted below, we disregard anyargument relative to them here."[2]
 {¶ 18} In addition, witness Jones' convictions were for misdemeanors, not felonies. The mere fact of the ability to impeach witnesses on prior misdemeanors would not have affected the outcome of this trial.
 {¶ 19} Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and George, J.*, concur.
*Sitting by assignment: Judge Joyce J. George, retired, of the Ninth District Court of Appeals.
[1] Short II, paragraphs 8-12.
[2] Short II, footnote 2.