[Cite as *State v. Houston*, 2011-Ohio-2798.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95994**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILBERT HOUSTON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-303894

**BEFORE:** Stewart, J., Kilbane, A.J., and Boyle, J.

RELEASED AND JOURNALIZED:   June 9, 2011

FOR APPELLANT

Wilbert Houston, Pro Se
Inmate No. 284-618
Marion Correctional Institution
P.O. Box 57
Marion, OH   43302


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY:   Thorin O. Freeman
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113


MELODY J. STEWART, J.:

{¶ 1}  Appellant, Wilbert Houston, appeals a decision of the Cuyahoga County Court of Common Pleas denying his petition for postconviction relief. For the reasons stated below, we affirm.

{¶ 2}  In 1993, a jury found Houston guilty of aggravated murder with an accompanying firearm specification. The trial court sentenced Houston to life  imprisonment for aggravated murder and a consecutive three years for

the firearm specification. Houston appealed, and his conviction was affirmed. *State v. Houston* (Apr. 27, 1995), 8th Dist. No. 67049, appeal not allowed by 74 Ohio St.3d 1404, 655 N.E.2d 184. In 1996, Houston filed his first petition for postconviction relief. The trial court denied the petition on the grounds of res judicata and failure to submit evidentiary documents containing sufficient operative facts demonstrating petitioner was entitled to relief. Houston appealed, and the denial of postconviction relief was affirmed. *State v. Houston*, (Feb. 26, 1998), 8th Dist. No. 72383.

{¶ 3} On September 23, 2010, Houston filed a second petition, captioned "Verified Delayed Petition For Post-Conviction Relief," which is the subject of this appeal. In this petition, Houston argued that his indictment was unconstitutionally vague because it named three defendants but failed to identify any one of them as a principal offender. He further argued that he was denied a fair trial because the trial court denied his request for a separate trial, allowed a co-defendant to testify against him, and failed to properly instruct the jury in the law. He also alleged ineffective assistance of trial counsel for failing to object to the indictment, the joint trial, and the jury instructions. Houston supported his petition with his own "Affidavit of Verity" and later supplemented his petition with a copy of the indictment.

{¶ 4} On October 18, 2010, the trial court summarily denied the petition. Houston timely appeals raising two assignments of error for review.

{¶ 5} "I. Appellant's indictment is unconstitutionally vague and fails to give him fair notice of the charges made against him.

{¶ 6} "II. The jury verdict rests on unconstitutional grounds."

{¶ 7} Before addressing the merits of Houston's postconviction claims, we must first address the state's assertion that the petition was untimely filed and therefore the trial court lacked jurisdiction over it.

{¶ 8} A defendant may file a petition for postconviction relief to vacate a judgment of conviction on the ground that the conviction is void or voidable because the defendant was denied rights protected by the state or federal constitution. R.C. 2953.21. A petition for postconviction relief must be filed within the statutorily prescribed time. R.C. 2953.21(A)(2). A defendant may not file a second or successive petitions for postconviction relief unless he meets the criteria set forth by statute. Id.

{¶ 9} R.C. 2953.23(A) states:

{¶ 10} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of

that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

{¶ 11} "(1) Both of the following apply:

{¶ 12} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶ 13} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted ***."

{¶ 14} When a petition for postconviction relief is untimely filed, R.C. 2953.21(A)(2) divests a trial court of jurisdiction to hear the petition unless the exceptions put forth in R.C. 2953.23 apply. *State v. Smith* (Feb.17, 2000), 8th Dist. No. 75793; *State v. Short*, 8th Dist. No. 83492, 2004-Ohio-2695, ¶4; *State v. Halliwell* (1999), 134 Ohio App.3d 730, 734, 732 N.E.2d 405. In this case, Houston filed his second petition 17 years after his conviction and 12 years after his first petition for postconviction relief. Therefore, unless Houston can demonstrate an exception entitling him to

relief, his second petition is untimely and the trial court was without jurisdiction to consider it.

{¶ 15} Houston does not claim that he was unavoidably prevented from discovery of the facts upon which he bases his claims, or that there is a new state or federal right that applies to his situation. In fact, he gives no reason for the lengthy delay in filing his petition and bases all of his claims on facts in the record. Accordingly, Houston's petition does not meet the exceptions for an untimely petition set forth in R.C. 2953.23, and as a result, the trial court was without jurisdiction to consider the claims raised within.

{¶ 16} Additionally, all of Houston's claims were raised, or could have been raised on direct appeal or in his first petition for postconviction relief. They are therefore barred by res judicata. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Because Houston's petition for postconviction relief was untimely filed and his claims barred by principles of res judicata, the trial court properly denied the petition without considering the merits of those claims. Accordingly, Houston's first and second assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, A.J., and
MARY J. BOYLE, J., CONCUR