[Cite as *State v. Houston*, 2012-Ohio-3569.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97628**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILBERT HOUSTON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-303894

**BEFORE:** Jones, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** August 9, 2012

**FOR APPELLANT**

Wilbert Houston, Pro se
Inmate No. 284-618
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43302


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Katherine Mullin
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant, Wilbert Houston, appeals the trial court's denial of his third postconviction petition. We affirm.

**{¶2}** In 1993, a jury convicted Houston of aggravated murder with a firearm specification. The trial court sentenced Houston to life imprisonment for aggravated murder consecutive to three years for the firearm specification. Houston appealed, and his conviction was affirmed. *State v. Houston*, 8th Dist. No. 67049, 1995 WL 248520 (Apr. 27, 1995). In 1996, Houston filed his first petition for postconviction relief. The trial court denied the petition on the grounds of res judicata and failure to submit evidentiary documents containing sufficient operative facts demonstrating petitioner was entitled to relief. Houston appealed, and the denial of postconviction relief was affirmed. *State v. Houston*, 8th Dist. No. 72383, 1998 WL 83206 (Feb. 26, 1998).

**{¶3}** In 2010, Houston filed a second postconviction petition, arguing his indictment failed to give him notice of the charges against him, he was denied a fair trial, and he received ineffective assistance of trial counsel. The trial court denied his petition, and this court affirmed. *State v. Houston*, 8th Dist. No. 95994, 2011-Ohio-2798.

**{¶4}** In 2011, Houston filed a motion titled "motion for immediate discharge from custody Crim.R. 32(A)(1) and Sup.R. 39(B)(4)," in which he argued that his indictment was defective, his sentencing journal entry was defective, his sentencing hearing was

delayed, and his trial counsel was ineffective. The trial court denied his motion. It is from this decision that Houston now appeals, raising four assignments of error for our review:

> I. Appellant's indictment is unconstitutionally vague, indefinite, uncertain, or insufficient, as a matter of statutory law and fails to give him sufficient notice of charge in order to prepare a defense.

> II. The trial court's failure to comply with Crim.R. 32(C) of the Ohio Rules of Criminal Procedure violated his substantial rights in not providing the time stamp to the clerk to indicate journalization.

> III. Denial was improper because the petition was supported with evidentiary material warranting a hearing.

> IV. Denial was improper because the state failed to respond and the trial court denying procedural due process when failing to allow state's response [sic] and issuing findings of fact and conclusions of law.

{¶5} Even though not titled as such, Houston's motion for immediate discharge was a postconviction petition. *State v. Alexander*, 8th Dist. No. 95995, 2011-Ohio-1380, ¶12, appeal not allowed by 128 Ohio St.3d 1559, 2011-Ohio-2905, 949 N.E.2d 45, citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522

> ([w]here a criminal defendant, subsequent to a direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.)

{¶6} As in his first and second postconviction petitions, Houston's current claims are barred by the doctrine of res judicata. The doctrine of res judicata excludes subsequent actions or postconviction petitions involving the same legal theory of recovery as the previous action or petition as well as claims that could have been presented in the

first action or postconviction petition. *State v. Sevayega*, 8th Dist. No. 92499, 2009-Ohio-5008, ¶ 19, citing *State v. Sawyer,* 8th Dist. No. 91496, 2009-Ohio-2391.

{¶7} All of Houston's current claims have already been raised, or could have been raised, on direct appeal or in his first petition for postconviction relief. They are therefore now barred by res judicata. *Houston*, 2011-Ohio-2798, ¶ 11, citing *State v. Perry* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Moreover, his petition was untimely filed. *Houston*, 2011-Ohio-2798, ¶ 15. Because Houston's claims are barred by principles of res judicata, the trial court properly denied his motion.

{¶8} The assignments of error are overruled.

{¶9} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and

JAMES J. SWEENEY, J., CONCUR