[Cite as *State v. Gray*, 2021-Ohio-2446.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110099 |
| v. | : | |
| RICARDO GRAY, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 15, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-98-369837-ZA

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Janna R. Lifford, Assistant Prosecuting Attorney, *for appellee.*

Ricardo Gray, *pro* se.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Ricardo Gray, appeals the trial court's decision denying his petition for postconviction relief. Finding no merit to the appeal, we affirm.

{¶ 2} In 1999, Gray was sentenced to 23 years to life in prison for murder, felonious assault, and a firearm specification. In Gray's direct appeal, this court upheld his convictions and sentence. *State v. Gray*, 8th Dist. Cuyahoga No. 96170, 2000 Ohio App. LEXIS 3371 (July 27, 2000) ("*Gray I*"). Gray has since filed a litany of motions, appeals, and original actions, each alleging that his convictions should be overturned because trial witnesses have since recanted, the state withheld evidence, and his trial counsel rendered ineffective assistance.[1]

{¶ 3} In 2010, this court considered Gray's eighth appeal seeking to overturn his convictions. *State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2010-Ohio-11 ("*Gray VIII*"). In that case, this court affirmed the trial court's denial of a motion for new trial, which was based on affidavits from Mixon, Michael Steele, and Kenneth Bell, who each averred that Bennie Kern shot and killed the victim.

{¶ 4} In 2016, Gray filed another petition for postconviction relief. He supported his petition with purported newly discovered evidence obtained from a

---

[1] *State v. Gray*, 8th Dist. Cuyahoga No. 76170, 2001 Ohio App. LEXIS 4234 (Sept. 17, 2001) ("*Gray II*") (application to reopen granted because appellate counsel failed to raise issue regarding consecutive sentences); *State v. Gray*, 8th Dist. Cuyahoga No. 76170, 2002-Ohio-1093 ("*Gray III*") (sentence reversed and remanded because trial court failed to make the requisite findings prior to imposing consecutive sentences); *State v. Gray*, 8th Dist. Cuyahoga No. 81474, 2003-Ohio-436 ("*Gray IV*") (sentence reversed because trial court failed to conduct a new sentencing hearing as ordered); *State v. Gray*, 8th Dist. Cuyahoga No. 82841, 2003-Ohio-6643 ("*Gray V*") (affirmed trial court's denial of motion for new trial and postconviction relief based on the trial court's failure to hold a hearing, affidavits from Anthony Mixon and Arthur Jackson recanting their trial testimony, and merger of felonious assault and attempted murder); *State v. Gray*, 8th Dist. Cuyahoga No. 83926, 2004-Ohio-5861("*Gray VI*") (affirmed imposition of consecutive sentences); *State v. Gray*, 8th Dist. Cuyahoga No. 84677, 2004-Ohio-7030 ("*Gray VII*") (affirmed trial court's denial of motion for new trial based on affidavits from Mixon and Jackson recanting their trial testimony).

2015 public records request by the Ohio Innocence Project. Specifically, he attached a page of a police report that contained Edward McDowell's police interview summary, and Detective Michael Cipo's "Original Investigation" report wherein he described and sketched the crime scene. According to Gray, the state suppressed this evidence, which contained exculpatory information that supported his trial defense that the gunshots were fired during the fight, not after the fight dispersed as argued by the state at trial. The trial court summarily denied the petition. Gray did not appeal.

{¶ 5} In April 2020, Gray filed yet another petition for postconviction relief, contending that he obtained exculpatory evidence from a 2015 public records request by the Ohio Innocence Project, and an affidavit in the mail. The evidence Gray relied on was Detective Cipo's police report and crime scene sketch, Edward McDowell's police interview summary, Gary Blanchard's police interview summary, and an affidavit from Derrick James. According to Gray, the state suppressed this evidence, which contained exculpatory information that supported his trial defense that the gunshots were fired during the fight, and that Bennie Kern shot and killed the victim. He further maintained that this new evidence revealed that he did not receive effective assistance of trial counsel. The trial court denied Gray's petition as untimely.

{¶ 6} Gray now appeals, raising the following three assignments of error:

I. The trial court abused its discretion when it denied [Gray's] untimely postconviction petition without making a determination as to whether [he] met the criteria under [R.C.]

2953.23 in violation of [his rights under the] 5th, 6th, and 14th Amendment[s] to the United States and Ohio Constitution[s].

II.      [Gray] was denied his 5th, 6th, and 14th due process rights, and the right to a fair trial when the state suppressed evidence favorable to [Gray] and allowed false testimony to go uncorrected to obtain a conviction thereby render [his] conviction and sentence void.

III.      [Gray] was denied his constitutional right to effective assistance of trial counsel thereby rendering his conviction and sentence void.

Finding that all three assignments of error raise arguments that are intertwined, we will address them together.

## I.   Standard of Review

{¶ 7} R.C. 2953.21 provides:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claims for relief.

{¶ 8} A petition for postconviction relief is a collateral civil attack on a criminal judgment, not an appeal of the judgment. *State v. Bell*, 8th Dist. Cuyahoga No. 105000, 2017-Ohio-7168, ¶ 10. It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is outside the record. *State v. Milanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975).

**{¶ 9}** A trial court's decision denying a postconviction petition should be upheld absent an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. The trial court does not abuse its discretion in dismissing a petition without a hearing if (1) the petitioner fails to set out sufficient operative facts to establish substantive grounds for relief, or (2) the operation of res judicata prohibits the claims made in the petition. *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 15.

## II. Untimely and Successive Petition

**{¶ 10}** Gray filed this petition for postconviction relief approximately 20 years after the trial transcript in his direct appeal was filed in the court of appeals; his petition is therefore obviously untimely — a fact that Gray does not dispute. *See* R.C. 2953.21(A)(2). Moreover, Gray has previously filed multiple petitions for postconviction relief in this case. R.C. 2953.23(A) precludes the trial court from entertaining an untimely or successive petition for postconviction relief unless it meets two conditions. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner. Second, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. *See* R.C. 2953.23(A)(1). A person is unavoidably prevented from discovering facts when

he is unaware of those facts and was unable to discover them through reasonable diligence. *State v. Short*, 8th Dist. Cuyahoga No. 84524, 2004-Ohio-7024, ¶ 15.

{¶ 11} In this case, Gray contends that he was unavoidably prevented from discovering the evidence supporting his petition because it was either suppressed by the state in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), or his trial counsel failed to investigate known witnesses or sufficiently review the state's discovery prior to trial. Specifically, he claims that he did not discover that his trial counsel rendered ineffective assistance until December 2015, when he received documentary evidence obtained by the Ohio Innocence Project's investigation and public records request, and in 2019, when he received an affidavit from Derrick James in the mail. According to Gray, the discovery of these documents reveals that his constitutional rights were violated and no reasonable factfinder would have found him guilty. Gray's arguments are without merit.

{¶ 12} In support of his petition, Gray relies on Detective Cipo's police report and crime scene sketch, McDowell's police interview summary, Blanchard's police interview summary, and an affidavit from James. According to Gray, Detective Cipo's report and McDowell's summary support his trial defense that the gunshots were fired during the fight, not after, as the state maintained at trial. He further contends that Blanchard's description of the potential shooter in his 1998 police interview summary corroborated another trial witness's testimony describing Bennie as the shooter. He contends that his counsel failed to review this report, if actually provided in discovery, because Blanchard's description was contrary to his

testimony that he did not see who shot the victim. Finally, Gray contends that his trial counsel failed to investigate the state's evidence and contact James as a witness for trial. James provided an affidavit stating that counsel never contacted him and that Bennie Kern shot and killed the victim.

{¶ 13} We find that Gray was not unavoidably prevented from discovering Detective Cipo's original investigation crime scene report and sketch and the police summaries of their interviews with McDowell and Blanchard because these documents were available to Gray in 2015 and he relied on Detective Cipo's report and McDowell's summary in his 2016 petition to vacate his conviction. Moreover, we note that Blanchard testified at trial and was subject to cross examination. Any defect in trial counsel's performance in cross-examining Blanchard could have been raised on direct appeal or, perhaps, in Gray's 2016 petition to vacate his conviction.

{¶ 14} Regarding James's 2019 affidavit, Gray again fails to establish that he was unavoidably prevented from discovering James's statement. He admits that he identified James as a potential witness for trial but that counsel advised him that James did not wish to testify. Accordingly, he knew of James at the time of trial and, thus, on direct appeal. He now contends that his counsel was ineffective based on James's affidavit, which avers that Gray's trial counsel never contacted him to testify and that he saw Bennie Kern shoot the victim in the back. James's refusal to cooperate at the time of trial does not demonstrate that Gray was unavoidably prevented from obtaining his statement earlier or that counsel was ineffective.

{¶ 15} Gray cannot now seek to overturn his conviction based solely on trial counsel's failure to call certain witnesses or ask certain questions on cross-examination. Trial counsel called three witnesses who all testified that "Bennie" was the shooter. *See generally Gray II.* Bennie's last name was purportedly discovered in 2008, and the allegation that Bennie shot the victim has been raised repeatedly in Gray's petitions for postconviction relief. *See Gray VIII* at ¶ 7-8. His presentation of additional witnesses who merely confirm Bennie's identity or belief that he was the shooter is cumulative and not sufficient to constitute newly discovered evidence.

{¶ 16} Finally, even if Gray was unavoidably prevented from discovering this documentary evidence, we find no constitutional violation based on the information contained in the documents. Accordingly, Gray has failed to show by clear and convincing evidence that no reasonable factfinder would have found him guilty based on the information contained in the documents.

{¶ 17} In light of on the foregoing, Gray has failed to satisfy both criteria of R.C. 2953.23 that would have allowed the trial court to entertain his untimely and successive petition for postconviction relief. And Gray's challenge that the trial court failed to make a threshold determination whether he satisfied the criteria under R.C. 2953.23 is without merit. A trial court is not required to issue findings of fact and conclusions of law when it dismisses an untimely or successive petition for postconviction relief. *See State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6; *State ex rel. Carroll v. Corrigan*, 84 Ohio

St.3d 529, 530, 705 N.E.2d 1226 (1999).  Accordingly, the assignments of error are overruled.

### III.  Res Judicata

{¶ 18} Moreover, res judicata bars the arguments Gray raises because the claims and documentary evidence upon which he relies have been raised or could have been raised in his direct appeal or in his prior petitions.  *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221 (the doctrine of res judicata bars the further litigation of issues that were or could have been raised previously in a direct appeal).  The doctrine of res judicata can also bar successive petitions for postconviction relief.  *State v. Apanovitch*, 107 Ohio App.3d 82, 667 N.E.2d 1041 (8th Dist.1995).  "While Ohio law may permit the filing of multiple petitions, a petitioner does not have carte blanche to file successive petitions endlessly." *State v. Cotton*, 8th Dist. Cuyahoga Nos. 71234 and 71235, 1997 Ohio App. LEXIS 1882, 8 (May 8, 1997), citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). "'Trial courts are not required to entertain successive petitions which alleged the same grounds as an earlier petition.  * * * [A] [d]efendant should generally be prepared, after thorough investigation, to present all relevant evidence to support the particular grounds before broaching the subject.'" *Cotton* at 8, quoting *State v. Williams*, 8th Dist. Cuyahoga No. 68613, 1996 Ohio App. LEXIS 100, 3 (Jan. 18, 1996).

{¶ 19} In this case, Gray supports his petition with the same claims that he has been raising for 20 years — shots were fired during the fight, and Bennie Kern

shot and killed the victim. And he primarily supports his petition with the same documentary evidence and claims as those that he raised in his unsuccessful 2016 petition. Accordingly, res judicata would also bar Gray's petition for relief, and we find no abuse of discretion by the trial court in denying the petition.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR